590 So.2d 1031 (1991)
Harold Carpenter HUBBARD, Appellant,
v.
Richard DUGGER, Secretary, Department of Corrections, Appellee.
No. 90-2166.
District Court of Appeal of Florida, First District.
December 13, 1991.
Harold Carpenter Hubbard, pro se.
Susan A. Maher, Deputy Gen. Counsel, Judy A. Bone, Asst. Gen. Counsel, Dept. of Corrections, for appellee.
KAHN, Judge.
After exhausting his administrative remedies, inmate Hubbard filed an action in the trial court seeking a writ of habeas corpus requiring appellee to grant him certain provisional credits pursuant to section 944.277, Florida Statutes (1989). After the Department of Corrections responded to the trial court's order to show cause, the court entered an order denying Hubbard's petition.[1]
The Department premised its denial of provisional credits upon section 944.277(1)(c). The statute prohibits credits to an inmate who "is convicted, or has been previously convicted, of committing or attempting to commit sexual battery, incest, or a lewd or indecent assault or act." Hubbard is now serving a 30-year term for second degree murder and possession of a firearm by a convicted felon. In denying provisional credits, the Department relied upon a "field arrest report" prepared by the Jacksonville Sheriff's Office on September 1, 1970. According to the report, Hubbard was charged at that time with "D.C.  Indecent Exposure." The bottom of the field arrest report, as contained in Hubbard's prison records, reflects the following notation, apparently in the officer's handwriting: "Comp. states subject on porch at *1032 229 E. 4th exposing his sexual organs. Subject followed witness down 4th St., made attempt to grab her."
It appears that Hubbard spent 15 days in jail following this 1970 arrest, after which he was sentenced to time served and a fine of $75. Hubbard's file does not include a record of a plea or any other details of the disposition, beyond the sentence. It is undisputed that "D.C." connotes disorderly conduct.
The Department has relied exclusively upon the arrest report and a synopsis of this report contained in a presentence investigation in denying Hubbard provisional credits. No evidence as to the substance of the 1970 events exists, save the field arrest report. The record contains no evidence of the circumstances of Hubbard's plea to the offense,[2] nor does it contain any affidavit, or otherwise sworn material, substantiating the sketchy statement contained in the field arrest report. Under these circumstances, this record lacks competent evidence to establish that Hubbard was not entitled to provisional credits. Dugger v. Grant, 587 So.2d 608 (Fla. 1st DCA 1991).[3]
As in Dugger v. Grant we certify the following question to be of great public importance:
MAY THE DEPARTMENT OF CORRECTIONS RELY ON INFORMATION TAKEN FROM AN ARREST REPORT WHICH IS INCLUDED IN THE PSI AS THE SOLE BASIS FOR DETERMINING AN INMATE'S ELIGIBILITY FOR PROVISIONAL CREDITS PURSUANT TO SECTION 944.277, FLORIDA STATUTES.
REVERSED.
SMITH and WIGGINTON, JJ., concur.
NOTES
[1] Although the trial court found that it did not have jurisdiction to issue a writ of habeas corpus in the instant case, it treated Hubbard's petition as one seeking a writ of mandamus.
[2] The record does not even contain the charging document.
[3] We do not reach the question of whether the matters described in the arrest report meet the statutory requirement of a "lewd or indecent assault or act," notwithstanding that Hubbard was charged with the offense of disorderly conduct.