KAHN, Judge.
Tony Glyn Schmidt appeals an order dismissing his petition for writ of habeas corpus and/or petition for writ of mandamus which upholds the Department of Corrections’ (D.O.C.) denial of provisional credits to Schmidt pursuant to section 944.-277(l)(e), Florida Statutes (1989).[1] In denying Schmidt provisional credits, the D.O.C. relied on information in a presentence investigation report (PSI) to conclude that the 1984 burglary committed by Schmidt was committed with the intent to commit sexual battery. The pertinent PSI section is entitled “The Original Circumstances of Case # 84-1251-CF-A,” and indicates:
On 1-25-84, the defendant broke into the home of [the victim], while she was sleeping in her son’s bedroom. The defendant woke the victim and said, “I want to talk to you”. [The victim] replied, “leave me alone.” The defendant said, “I want you to touch my cock.” ... The defendant then stated, come on, if you don’t cooperate, I am going to kill you and I’m going to kill him [her son].” The defendant then grabbed [the victim] in a headlock and started toward the bedroom.
This excerpt is not competent evidence that can be used alone to deny Schmidt provisional credits. The PSI does not indicate whether the “facts” were obtained from a police report or a statement of the victim, nor is there any sworn material which substantiates the account. Furthermore, the charging document does not indicate that the intent to commit sexual battery was a part of the crime with which Schmidt was charged and to which he entered a plea of guilty.[2]
In Dugger v. Grant, 587 So.2d 608, 609 (Fla. 1st DCA 1991), this court determined *685 that the D.O.C. could not exclude Grant from receiving provisional credits pursuant to section 944.277(l)(d) using as its sole evidence information in a PSI, based on an arrest report, about the circumstances of the crime. Similarly, in Hubbard v. Dugger, 590 So.2d 1031 (Fla. 1st DCA 1991), this court held that the D.O.C. could not rely on an arrest report and a synopsis of the report in the PSI to deny Hubbard provisional credits, finding that “[t]he record contains no evidence of the circumstances of Hubbard’s plea to the offense, nor does it contain any affidavit or otherwise sworn material, substantiating the sketchy statement contained in the field arrest report.” Id. at 1032 (footnote omitted).
Noting its similarity to the question certified in Hubbard v. Dugger and Dugger v. Grant, we certify the following question to be one of great public importance:
MAY THE DEPARTMENT OF CORRECTIONS RELY ON INFORMATION IN THE PSI AS THE SOLE BASIS FOR DETERMINING AN INMATE’S ELIGIBILITY FOR PROVISIONAL CREDITS PURSUANT TO SECTION 944.277(l)(e), FLORIDA STATUTES?
REVERSED.
ERVIN and SMITH, JJ„ concur.

. Section 944.277(l)(e), Florida Statutes (1989) provides that provisional credits will not be granted to an inmate who: "Is convicted, or has been previously convicted, of committing or attempting to commit kidnapping, burglary, or murder, and the offense was committed with the intent to commit sexual battery.”

. The information for burglary states:
"TONY GLYN SCHMIDT on the 25th day of January, 1984, did then and there unlawfully enter or remain in a structure to wit: A DWELLING ... with intent to commit an offense therein, to wit: BATTERY, and in the course of commiting said offense MADE AN ASSAULT UPON [the victim], contrary to Section 810.02(1) and 810.02(2)(a), Florida Statutes.”