SMITH, Judge.
Thomas appeals the denial of his petition for writ of mandamus contending the trial court erred in upholding the Secretary of Corrections, denial of provisional credits to him pursuant to section 944.277(l)(e), Florida Statutes (1989). We affirm.
In 1987, Thomas was charged in a three count information with the following: (1) sexual battery by threat of force or violence likely to cause serious personal injury; (2) sexual battery by threat or retaliation; and (3) burglary of a dwelling with assault. Specifically, with respect to the last count, the information charged that Thomas entered a dwelling with the intent to commit the offense of sexual battery therein, and in the course of committing the burglary made an assault upon the victim, contrary to section 810.02, Florida Statutes (1987).
Burglary is defined as entering or remaining in a structure or a conveyance with the intent to commit an offense therein. § 810.02(1), Fla.Stat. (1987). Section 810.02(2) makes burglary a first degree felony if in the course of committing the burglary, the offender assaults or batters any person or is armed, or arms himself within the structure with explosives or a dangerous weapon. If the offender does neither, but enters a dwelling occupied by a human being, section 810.02(3) makes the burglary a second degree felony. Otherwise, the burglary is a felony of the third degree.
According to the judgment, Thomas pled nolo contendere to count III, burglary of a dwelling, contrary to section 810.02(3), a second degree felony. .Count III charged burglary with assault, which is a first degree felony under section 810.02(2), and apparently, Thomas was permitted to plead guilty to the lesser offense of burglary of an occupied dwelling contrary to section 810.02(3), a second degree felony. See Rule 3.170(g), Florida Rules of Criminal Procedure, which provides that a defendant, with the consent of the court and of the prosecuting attorney, may plead guilty to any lesser offense than that charged which is included in the offense charged.
The post sentence investigation report paraphrases an arrest mittimus describing the sexual battery. Thomas denied committing a burglary. The victim, contacted by the officer preparing the report, stated *1345 that her baby was present during the offense but slept during the sexual battery.
While Thomas’s petition for writ of mandamus contends he was wrongfully denied credit for administrative gain time and provisional credits, only provisional credits are at issue in this case, because after Thomas filed the petition, he was credited with his administrative gain time. On the other hand, the Secretary continues to deny provisional credits based upon section 944.-277(l)(e), Florida Statutes (1989). This statute provides that the secretary may not grant provisional credits to an inmate who “is convicted or has been previously convicted, of committing or attempting to commit kidnapping, burglary, or murder, and the offense was committed with the intent to commit sexual battery.” The trial court agreed that Thomas was not entitled to provisional credits because, in essence, Thomas pled to and was convicted under count III which charged that he committed burglary with the intent to commit sexual battery.
On appeal, Thomas contends the court erred, citing and relying upon this court’s decision in Dugger v. Grant, 587 So.2d 608 (Fla. 1st DCA 1991) (department could not rely on information taken from an arrest report which is included in the PSI as the sole basis for determining an inmate’s ineligibility for provisional credits pursuant to section 944.277). However, we find that appellant’s reliance upon Dugger v. Grant (Grant I), and other cases from this court relying upon it, is misplaced, in that this court decision was quashed by the Florida Supreme Court, Dugger v. Grant, 610 So.2d 428 (Fla.1992) (Grant II). Furthermore, in this case, unlike Grant I or Hubbard v. Dugger, 590 So.2d 1031 (Fla. 1st DCA 1991) or this court’s more recent decision in Schmidt v. State, 602 So.2d 684 (Fla. 1st DCA 1992), which relies upon Grant I and Hubbard, the count of the information to which Thomas pled nolo con-tendere specifically charges the intent to commit sexual battery as an element of the crime of burglary committed by appellant. Under the supreme court’s recent decision, Grant II, the Secretary of Corrections (Secretary) has the authority to examine the entire record to determine whether the inmate has committed or attempted a sex act.
Here, appellant plead nolo contende-re to an information charging that he committed burglary with intent to commit sexual battery, and a judgment and sentence was entered on his nolo plea to that count of the information. The record thus discloses that appellant has been convicted of committing burglary, and the offense was committed with the intent to commit sexual battery. See generally 15 Fla.Jur.2d Criminal Law § 699 (1979) (plea of nolo contendere admits all facts which are well pleaded); and Vinson v. State, 345 So.2d 711, 713 (Fla.1977) (plea of nolo contendere raises no issue of law or fact under the accusation). In addition, the Secretary had before him the post-sentence investigation report which contained information obtained from the victim describing the sexual battery. We find no abuse of discretion, upon this record, in the Secretary’s determination that appellant may not be granted provisional credits pursuant to section 944.-277(l)(e).
AFFIRMED.
BOOTH and ALLEN, JJ., concur.