499 So.2d 21 (1986)
Bush Wade HOLLAND, Appellant,
v.
L.L. WAINWRIGHT, Secretary, Florida Department of Corrections, Appellee.
No. BM-46.
District Court of Appeal of Florida, First District.
December 12, 1986.
Bush Wade Holland, pro se.
Jim Smith, Atty. Gen., Kimberly J. Tucker, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Holland is currently confined as an inmate at the Apalachee Correctional Institution. In August of 1985, he filed a petition for a writ of mandamus, challenging the assignment of the prefix letter "C" to his inmate number. The trial court denied Holland's petition on the ground that it failed to state a cause of action. We agree and affirm.
In order for a petition for a writ of mandamus to be granted, it must be shown that the petitioner has a clear legal right to the performance of the particular duty sought and that he has no other legal method for redressing the wrong or of obtaining the relief to which he is entitled. State ex rel. Long v. Carey, 121 Fla. 515, 164 So. 199 (1935); Heath v. Becktell, 327 So.2d 3 (Fla. 1976). The writ may be used to compel the performance of a ministerial *22 duty imposed by law where it has not been performed as the law requires, State ex rel. Clendinen v. Dekle, 173 So.2d 452 (Fla. 1965), but discretionary authority cannot be the subject of the writ. Hunter v. Solomon, 75 So.2d 803 (Fla. 1954).
Here, Holland has no clear legal right to a particular prefix, nor is the assignment of a particular prefix a ministerial duty imposed on the Department of Corrections by law. Rather, as the record supports, the assignment of prefixes has been adopted by the Department to facilitate clearer record keeping, pursuant to its discretionary rule-making authority. According to the affidavit of Bobbie Glover, Admission and Release Administrator of the Department of Corrections, the assignment of prefixes serves simply to identify one or more sets of commitment papers received from sheriff's offices when an inmate is delivered to a reception facility, and has no bearing on a prisoner's custody status.
As the trial court's determination that Holland's petition fails to state a cause of action is supported by competent substantial evidence, we affirm.
SHIVERS and JOANOS, JJ., concur.