535 So.2d 300 (1988)
Russell D. MAYO, Appellant,
v.
Richard L. DUGGER, Appellee.
No. 87-1883.
District Court of Appeal of Florida, First District.
November 18, 1988.
Russell D. Mayo, pro se, for appellant.
Robert A. Butterworth, Atty. Gen., and Marilyn K. Morris, Asst. Atty. Gen., for appellee.

ON MOTION FOR REHEARING AND CLARIFICATION

[Original Opinion at 13 F.L.W. 2107]
SHIVERS, Judge.
Upon consideration of Appellee's Motion for Rehearing and Clarification, we withdraw and vacate our previous opinion and substitute the following in order to clarify the basis for our decision. Appellee's Motion for Rehearing is denied.
Appellant, Russell D. Mayo, appeals the trial court's denial of his petition for writ of mandamus. We find that the Department of Corrections erred in denying Mayo's request for administrative gain-time, and reverse the trial court's order.
The record on appeal indicates that appellant was convicted in Okaloosa County of manslaughter on March 17, 1986, and was sentenced to a 15-year term of imprisonment. In 1971, appellant had been arrested in Alabama on a rape charge; however, the charge was reduced to assault *301 and battery and appellant was eventually ordered to pay a $100 fine and court costs amounting to $42.50. While serving the 15-year term for manslaughter at Appalachee Correctional Institution, appellant filed a request for administrative gain-time pursuant to section 944.276, Florida Statutes. According to that section, whenever the inmate population of the correctional system reaches 98 percent of its lawful capacity, the Secretary of the Department of Corrections may grant all inmates who are earning incentive gain-time up to a maximum of 60 days administrative gain-time, unless such inmates fall within one of the four exceptions enumerated in section 944.276(1)(a) through (d). The exception found in subsection (1)(c) denies administrative gain-time to any inmates who have been convicted of either sexual battery or any sexual offense specified in section 917.012(1) (procedures for handling and treatment of mentally disordered sex offenders) and who have not successfully completed a program of treatment pursuant to that section. Included within the sexual offenses specified in section 917.012(1) are assault, aggravated assault, battery, or aggravated battery when a sexual act is completed or attempted. Section 917.012(1)(e), (f).
Appellant's request for administrative gain-time was denied by the Department on the basis that appellant had been convicted in Alabama of assault and/or battery involving an attempted or completed sexual act, and was thus ineligible for administrative gain-time under section 944.276(1)(c). After exhausting all available administrative remedies, appellant filed a petition for writ of mandamus in the circuit court. The petition was denied and appellant filed this appeal, arguing that the use of section 944.276 to deny him gain-time constituted an ex post facto application of the statute, since it did not come into effect until 1987  some 16 years after his 1971 Alabama conviction.
We find appellant's ex post facto argument to be without merit, in light of the Florida Supreme Court's recent holding in Blankenship v. Dugger, 521 So.2d 1097 (Fla. 1988). However, we reverse the trial court's denial of appellant's petition for writ of mandamus since there is no evidence in the record on appeal in the instant case to establish that a sexual act was either attempted or completed in connection with the assault and battery for which the appellant was convicted in Alabama.
Accordingly, the trial court's order denying appellant's petition for writ of mandamus is hereby reversed, and the matter is remanded for further proceedings not inconsistent with this opinion.
THOMPSON and ZEHMER, JJ., concur.