PER CURIAM.
Appellant, a prisoner, appeals the denial of his petition for writ of mandamus, in which he sought to compel the Department of Corrections to grant him administrative gain time pursuant to section 944.276,[1] Florida Statutes (1987). We reverse.
Appellant was convicted of attempted second degree murder, armed robbery, pet-it theft, and kidnapping. Two additional charges of sexual battery were nolle prossed. The Department denied appellant’s request for administrative gain time based upon his ineligibility under section 944.276(l)(c) as one who had been convicted of sexual battery or an offense specified in section 917.012(1), Florida Statutes (1987) (procedures for handling and treating mentally disordered sex offenders).
Since the sexual battery charges were nolle prossed, these cannot be the basis for a denial of administrative gain time. See Mayo v. Dugger, 535 So.2d 300 (Fla. 1st DCA 1988).
The Department also argues that appellant’s kidnapping conviction may constitute grounds for ineligibility in that the kidnapping was performed with intent to commit sexual battery. The flaw in this argument becomes apparent when we examine the charging document. The information charged appellant with kidnapping,
with the intent to commit or facilitate the commission of a felony, to-wit: robbery, sexual battery or murder, or with the intent to inflict bodily harm upon or to terrorize.
Thus, to find that claimant was convicted of kidnapping with intent to commit sexual battery we would have to disregard the mention of intent to inflict harm or to terrorize, which is a separate and distinct intent in the kidnapping statute. See § 787.01(l)(a)(3), Fla.Stat. (1987). Furthermore, we would have to speculate that the felony appellant intended to commit or facilitate was that of sexual battery rather than one of the others mentioned in the information. This we are not permitted to do.
Accordingly, the trial court’s order denying appellant’s petition for writ of mandamus is hereby reversed, and the matter is remanded for further proceedings not inconsistent with this opinion.
NIMMONS, BARFIELD and MINER, JJ., concur.

. We note that this section has been repealed and replaced by section 944.277, Florida Statutes (Supp.1988).