560 So.2d 321 (1990)
Eugene ADAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1876.
District Court of Appeal of Florida, First District.
April 23, 1990.
Eugene Adams, pro se.
Robert A. Butterworth, Atty. Gen., and Susan A. Maher, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Eugene Adams appeals the trial court's order denying his petition for writ of mandamus, seeking to compel the Florida Parole Commission (Commission) and the Florida Department of Corrections (Department) to expunge allegedly false and inflammatory information from his records. We affirm.
In his mandamus petition, appellant alleged that the pre-sentence investigation report prepared in connection with his sentencing contained erroneous, inflammatory, *322 and slanderous information, which he had not been given an opportunity to impeach or confront. Appellant further alleged that the Commission and the Department had used the erroneous information contained in the report to determine his parole eligibility date, his custody status, and his housing and job assignments. By his petition, appellant sought to require the Department and the Commission to expunge the confidential portion of his pre-sentence investigation report from their files, and to require the Commission to reconsider his presumptive parole release date without reference to the confidential portion of the pre-sentence investigation report.
In their response to the order to show cause issued by the trial court, the Commission alleged that the confidential information contained in the pre-sentence investigation report was not utilized by the Commission in determining appellant's presumptive parole release date. The Commission further alleged that it is entitled to consider the confidential material which appears in the official records of the Department, together with the mitigating information provided by appellant, in connection with future parole reviews.
Entitlement to the extraordinary writ of mandamus requires the petitioner to demonstrate that he has a clear legal right to the performance of the particular action sought, the respondents have a clear legal duty of performance, and no other adequate remedy exists. Heath v. Becktell, 327 So.2d 3, 4 (Fla. 1976); Holland v. Wainwright, 499 So.2d 21 (Fla. 1st DCA 1986); Hall v. Key, 476 So.2d 787, 788 (Fla. 1st DCA 1985). While the writ is available to compel performance of a duty imposed by law, it cannot be used to compel the exercise of discretionary authority in a given manner. Holland v. Wainwright, 499 So.2d at 22; Hall v. Key, 476 So.2d at 788.
In the parole review context, it is well settled that an inmate incarcerated for a parole eligible offense, has a clear legal right to proper consideration for parole, Moore v. Florida Parole and Probation Commission, 289 So.2d 719, 720 (Fla.), cert. denied, 417 U.S. 935, 94 S.Ct. 2649, 41 L.Ed.2d 239 (1974), and that the Commission has a concomitant legal duty to establish an inmate's presumptive parole release date in accordance with objective parole guidelines. § 947.165, Fla. Stat. (1979); Florida Parole and Probation Commission v. Paige, 462 So.2d 817, 819-820 (Fla. 1985). In the exercise of that duty, the Commission is entitled to rely on information contained in pre-sentence investigation reports, Jones v. Florida Parole and Probation Commission, 413 So.2d 861, 862 (Fla. 1st DCA 1983), as well as on any other information compiled by the Department in performance of its record-keeping duty pursuant to section 945.25, Florida Statutes.
The record in this case reflects that the information which appellant seeks to have expunged from the Department records was not included in the Department file, until the material was provided by appellant, attached to his request for expunction. The sworn affidavit of Bobbie Glover, Admission and Release Administrator for the Department of Corrections, establishes that prior to September 3, 1987, the confidential portion of appellant's pre-sentence investigation report was not a part of appellant's official central office file. On September 3, 1987, correspondence was received from appellant requesting expunction of the allegedly false information from the confidential portion of the report. The confidential portion of the pre-sentence investigation report and certain mitigating affidavits were attached to the correspondence transmitted by appellant, and were made a part of his file at that time.
Although there is authority for the proposition that when a death sentence is rendered, the defendant must have been afforded an opportunity by the sentencing court to rebut information contained in the confidential portion of a pre-sentence investigation report, see, e.g., Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977); Barclay v. State, 362 So.2d 657 (Fla. 1978), affirmed, sub nom., Barclay v. Florida, 463 U.S. 939, 103 S.Ct. 3418, 77 L.Ed.2d 1134 (1983), our research has disclosed no authority which would preclude *323 consideration of such material in a parole determination, nor has appellant cited us to such authority. To the contrary, section 945.25 states, in pertinent part:
(1) It shall be the duty of the Department of Corrections to obtain and place in its permanent records information as complete as may be practicably available on every person who may be subject to parole. Such information shall be obtained as soon as possible after imposition of sentence and shall, in the discretion of the department, include, among other things:
.....
(f) Any social, physical, mental psychiatric, or criminal record of such person.
.....
(3) It shall be the duty of the court and its prosecuting officials to furnish to the department upon its request such information and also to furnish such copies of such minutes and other records as may be in their possession or under their control.
(4) The department may make such rules as to the privacy or privilege of such information and its use by others than the department or the Parole Commission and its staff as may be deemed expedient in the performance of their duties. (Emphasis supplied.)
Thus, the statute provides that the confidential portion of a pre-sentence investigation report prepared to aid the trial court in its sentencing decision, is included within the range of information which the Department is charged to maintain in its permanent records, with regard to persons subject to parole. By the same token, it is implicit in the language of subsection (4) of the statute that such information is for the use of the Department and the Commission, in fulfilling their respective duties.
Mandamus may be granted only if there is a clear legal obligation to perform a duty in a prescribed manner. Since appellant has failed to demonstrate that the Commission is required to perform its parole review function without reference to the confidential portion of a pre-sentence investigation report, the petition for writ of mandamus was properly denied.
Accordingly, the order denying appellant's petition for writ of mandamus is affirmed.
SHIVERS, C.J., and ZEHMER, J., concur.