568 So.2d 479 (1990)
Eugene KRAMP, Petitioner,
v.
Osee R. FAGAN, Judge, Eighth Judicial Circuit, Respondent.
No. 90-1632.
District Court of Appeal of Florida, First District.
October 4, 1990.
Eugene Kramp, pro se.
Robert A. Butterworth, Atty. Gen., and James W. Rogers, Asst. Atty. Gen., for respondent.
PER CURIAM.
Eugene Kramp filed a petition for writ of mandamus with this court showing that he had filed a motion to correct illegal sentence in the Circuit Court of Levy County. *480 He alleged that the lower tribunal had refused or neglected to act on his motion and sought an order of this court compelling such action. Subsequently we obtained a copy of an amended judgment and sentence which provided for a departure from the sentencing guidelines and which imposed a 12 year term of imprisonment with the Department of Corrections. It was noted, however, that the motion filed below sought reduction in sentencing to a term of five years. It was further noted that the circuit court had not actually entered an order disposing of the motion. We therefore entered an order which stated that the court had determined that the trial court's order was not a satisfactory disposition of the motion to correct illegal sentence. Respondent was directed to show cause why the petition should not be granted.
We are in receipt of a response filed on behalf of the respondent circuit judge by the Attorney General. Therein he requests that when directing orders to show cause to the Attorney General the court should first ensure that a copy of the petition be served on him. Second, it is argued that:
[I]f as it appears based on available documents, petitioner's claim is that the sentence is illegal, petitioner's remedy before this court is an appeal of the judgment. Mandamus will not lie where the duty is discretionary, not ministerial, and extraordinary writs do not lie where there is an adequate remedy at law. Holland v. Wainwright, 499 So.2d 21 (Fla. 1st DCA 1986).
We find the first of respondent's arguments well-taken. It has been the policy of this court to require a certificate of service indicating that a copy of petitions of this nature have been served on the circuit judge. We agree, however, that inasmuch as the Attorney General is often called upon to respond to these types of petitions, in the future we will require service on both the respondent judge and the Attorney General.
We do not agree with respondent's second argument. Petitioner has demonstrated that he filed a motion in the circuit court and that the assigned judge has not acted on the motion within a reasonable time. That, and only that, is the issue before this court. State ex rel. North St. Lucie River Drainage District v. Kanner, 152 Fla. 400, 11 So.2d 889 (1943). The Holland decision relied upon by respondent was an appeal from a circuit court order which denied a petition for writ of mandamus wherein petitioner sought to compel corrections officials to assign him a particular prefix to his inmate number, and is completely distinguishable from the facts before us. We are here not concerned with the merits of petitioner's claims below or whether he has failed to exhaust other available avenues to the relief he seeks. If his choice of remedies is incorrect, that may serve as a basis for the trial court to deny the motion, but not for us to deny the petition for writ of mandamus.
We grant the petition and direct Judge Fagan or his substitute to dispose of the motion within 15 days.
IT IS SO ORDERED.
SHIVERS, C.J., and JOANOS and ZEHMER, JJ., concur.