ERVIN, Judge.
Appellant, Robert Bishop, claims on appeal that he is entitled to earn provisional credits pursuant to Section 944.277, Florida Statutes (1989). We agree for the reason stated below that he is entitled to such credits, and reverse.
In 1988, Bishop pled guilty to kidnapping and was sentenced to forty years in prison. In the information filed against him, the kidnapping charge stated in pertinent part that Bishop
did, in violation of Florida Statute 787.01, forcibly, secretly, or by threat confine, abduct, or imprison [name deleted], a child under the age of thirteen (13) years old, against her will and without lawful authority, with intent to commit or facilitate commission of a felony, to-wit: Sexual Battery or a Lewd Act.
(Emphasis added.)
Section 944.277, Florida Statutes (1989), authorizes provisional credits (formerly administrative gain time), except for inmates who fall within any of seven enumerated categories. Subsection (l)(e) thereof specifically denies provisional credits to an inmate who
Is convicted, or has been previously convicted, of committing or attempting to commit kidnapping, burglary, or murder, and the offense was committed with the intent to commit sexual battery.
(Emphasis added.) We conclude that Bishop cannot be denied provisional credits pursuant to this subsection because he was charged in the disjunctive with kidnapping with intent to commit either sexual battery or a lewd act, rather than only with sexual battery.
Our conclusion is supported by this court’s decision in Cole v. Dugger, 543 So.2d 1296 (Fla. 1st DCA 1989), in which the defendant sought to compel the Department of Corrections (DOC) to grant him administrative gain time pursuant to Section 944.276, Florida Statutes (1987), which was repealed and replaced by section 944.-277 in 1988. Among other things, the DOC argued that Cole’s kidnapping charge could be construed as including the “intent to commit sexual battery,” and was thus subject to the exception in section 944.276(l)(c), for persons convicted of sexual battery. In rejecting this argument, the court quoted the information as charging appellant with kidnapping with the intent to commit “robbery, sexual battery or murder, or with the intent to inflict bodily harm upon or to terrorize.” Id. at 1297. Because Cole was charged with possessing the intent to commit numerous different felonies other than sexual battery, the court stated that in order to find ineligibility for administrative gain time under section 944.276(l)(c), “[W]e would have to speculate that the felony appellant intended to commit or facilitate was that of sexual battery rather than one *35 of the others mentioned in the information. This we are not permitted to do.” Id.
The information in the case at bar suffers from the same defect. Because the information specifically charged Bishop with kidnapping with intent to commit sexual battery or a lewd act, and section 944.-277(l)(e) denies provisional credits to an inmate convicted of kidnapping with the intent to commit only sexual battery, Bishop cannot be denied provisional credits under that statute, because, to paraphrase the language of Cole, DOC would be required to speculate that the felony Bishop intended to commit was sexual battery.
The trial court’s order denying appellant’s petition for writ of mandamus is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.
WIGGINTON, J., and CAWTHON, Senior Judge, concur.