587 So.2d 608 (1991)
Richard L. DUGGER, Secretary, Department of Corrections, Appellant,
v.
Wiley Jerome GRANT, Appellee.
No. 91-483.
District Court of Appeal of Florida, First District.
October 10, 1991.
Elaine D. Hall, Asst. Gen. Counsel, Dept. of Corrections, Tallahassee, for appellant.
Sharon Bradley of Daley and Miller, Tallahassee, for appellee.
WOLF, Judge.
Richard L. Dugger, secretary of the Department of Corrections (D.O.C.), appeals from an order granting mandamus relief which requires D.O.C. to grant provisional credits to Wiley Jerome Grant pursuant to section 944.277, Florida Statutes (1989). D.O.C. asserts that the trial judge incorrectly prohibited it from using information contained in the presentence investigation (PSI) in determining appellee's eligibility for provisional credit. Under the limited circumstances of the case, we affirm the trial court's decision.
Appellee was convicted by a jury of burglary of a dwelling (section 810.02, Florida Statutes) and battery (section 784.03, Florida Statutes). He had originally been charged with sexual battery, but the jury returned a verdict for the lesser-included offense.
Appellee asserted that he was eligible for provisional credit pursuant to section 944.277, Florida Statutes (1989). The D.O.C., *609 relying on information contained in the presentence investigation, determined that appellee was not eligible for credits pursuant to section 944.277(1)(d) which prohibits awards of credits to an inmate who "has been previously convicted of committing or attempting to commit assault, aggravated assault, battery, or aggravated battery, and a sex act was attempted or completed during commission of the offense." § 944.277(1)(d), Fla. Stat. (1989) (emphasis added). The information in the PSI concerning the circumstances surrounding the offense for which the defendant was convicted came from a Leon County Sheriff's Department arrest report.[1] The facts in the report indicate that a completed sexual battery had taken place. The report also indicated that a number of acts which may be considered to be sex acts took place during the commission of the crime.
The appellee filed a petition for writ of mandamus in the circuit court alleging that the department could not deny him provisional credits since the jury had not convicted him of sexual battery. The D.O.C. responded that, while defendant had not been found guilty of sexual battery, appellee had been found guilty of battery and the information in the PSI reflected that sex acts had been committed during the offense. The trial judge granted the petition, finding that the information in the PSI constituted triple hearsay and that utilizing the information implicated the defendant's due process rights. This appeal follows.
In Dugger v. Rodrick, 584 So.2d 2 (Fla. 1991), the supreme court found section 944.277, Florida Statutes, was designed solely for the purpose of reducing overcrowding in the prisons and did not create any substantive rights in an inmate. While, based on Dugger v. Rodrick, it would appear that an inmate has limited rights, the D.O.C. must still administer the statute in accordance with statutory guidelines. Bishop v. Dugger, 582 So.2d 33 (Fla. 1st DCA 1991); Mayo v. Dugger, 535 So.2d 300 (Fla. 1st DCA 1988). Under the statute, an inmate may only be denied provisional credits if there is some evidence that the inmate has been found to have fallen into one of the statutory categories which specifically provides for denial of credits. Mayo, supra; Bishop, supra. The question before the court is whether the information contained in the PSI in the instant case is sufficiently competent to satisfy the evidentiary requirements of Mayo and Bishop.
In Jones v. Florida Probation and Parole Comm'n, 413 So.2d 861 (Fla. 1st DCA 1982), and Adams v. State, 560 So.2d 321 (Fla. 1st DCA 1990), this court allowed the Parole and Probation Commission to utilize information contained in the PSI in performing its duties. While we agree with the D.O.C. that it also should normally be allowed to utilize information in the PSI in performing its duties as to provisional credits, the cited cases are inapplicable in the instant case.
In Jones, the information relied on was a list of prior convictions rather than specific factual matters related to the criminal incident. In Adams, while the opinion does not state the exact nature of the disputed information, it is apparent that it is not hearsay statements contained in a police report as to what transpired during the criminal incident. In addition, in this case, the jury, at least in part, rejected the narration of events reflected in the PSI and the police report. The jury found the defendant not guilty of sexual battery, while the police report clearly indicated that a sexual battery had taken place.[2]
Under these circumstances, we hold there was insufficient competent evidence to establish that the inmate was not entitled to provisional credits.
We are not unmindful of the argument of the D.O.C. that it must rely on presentence *610 investigations in order to realistically be able to perform its statutory duties. We, therefore, certify the following question to be of great public importance:
MAY THE DEPARTMENT OF CORRECTIONS RELY ON INFORMATION TAKEN FROM AN ARREST REPORT WHICH IS INCLUDED IN THE PSI AS THE SOLE BASIS FOR DETERMINING AN INMATE'S ELIGIBILITY FOR PROVISIONAL CREDITS PURSUANT TO SECTION 944.277, FLORIDA STATUTES.
SHIVERS, J., and CAWTHON, Senior Judge, concur.
NOTES
[1] While the probation officer who prepared the report talked to the victim concerning a recommended sentence, there is no indication that the victim confirmed the information taken from the arrest report.
[2] The jury did, however, return a guilty verdict as to battery. As the D.O.C. points out, the jury verdict was not inconsistent with the finding that the appellant had attempted or completed a sexual act during the commission of the battery.