764 So.2d 636 (2000)
Ricky Lamar LEWIS, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D00-1001.
District Court of Appeal of Florida, First District.
April 20, 2000.
Rehearing Denied May 22, 2000.
Ricky Lamar Lewis, pro se, petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, for respondent.
PER CURIAM.
This proceeding originated when Ricky Lamar Lewis petitioned the Supreme Court of Florida for mandamus, prohibition, habeas corpus, and other relief. That court treated it as a petition for writ of mandamus, denied it in part (including any claim that appellate counsel was ineffective), and transferred the petition to this court for consideration of Lewis' claim that the record in his direct appeal to this court was incomplete or inaccurate. Petitioner places particular reliance on his petition for writ of mandamus and the response thereto in a case where relief was granted, Lewis v. State, 744 So.2d 1204 (Fla. 1st DCA 1999). There we held that Lewis was entitled to have the trial court rule on certain motions which were pending in his postconviction claim for relief.
Petitioner misunderstands the response in that case and our ruling. The respondent did not concede that the motions should be resolved in Lewis' favor nor did this court so hold. The function of a writ of mandamus in this circumstance is simply to direct that a pending matter be disposed of without giving direction as to how the lower tribunal should rule. Kramp v. Fagan, 568 So.2d 479 (Fla. 1st DCA 1990).
In the instant matter, Lewis has not demonstrated that a respondent has failed to perform a ministerial duty and thus entitlement to a writ of mandamus has not been shown. See Mattson v. Kolhage, 569 So.2d 1358 (Fla. 3d DCA 1990). Petitioner has not identified any other extraordinary writ remedy which would lie to present the instant claim nor are we aware of any original jurisdictional vehicle which would allow us to reach the issue. The postconviction proceedings below and, if unsuccessful, an appeal from the final order therein, would appear to be Lewis' only method to address the accuracy of the record in the direct appeal. Accordingly, the petition for writ of mandamus is hereby denied.
PETITION DENIED.
BARFIELD, C.J., VAN NORTWICK and PADOVANO, JJ., concur.