770 So.2d 242 (2000)
Craige PLYMEL, Petitioner,
v.
Michael W. MOORE, et al., Respondents.
No. 1D99-1250.
District Court of Appeal of Florida, First District.
October 26, 2000.
*244 John L. Key, Orange Park, for Petitioner.
Robert A. Butterworth, Attorney General and Karen Armstrong, Assistant Attorney General, Tallahassee, for Respondents.

ON MOTION FOR REHEARING OR CLARIFICATION
JOANOS, J.
Respondents seek rehearing of the June 22, 2000, opinion in which we granted the petition of Craige Plymel for writ of certiorari and remanded with directions to grant mandamus relief. As grounds for rehearing, respondents urge that the court misapprehended the controlling point of law announced by the United States Supreme Court in Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), and misapprehended or overlooked several matters of fact. In the event the motion for rehearing is denied, respondents ask that we clarify the opinion as to whether the decision turns on the nature of the liberty interest involved or on the mandatory language of the underlying Department of Corrections rule. We deny the motion for rehearing. We grant the motion for clarification, withdraw the opinion issued June 22, 2000, and substitute the following therefor.
Petitioner, Craige Plymel, is a prisoner in the custody of the Florida Department of Corrections. Respondent, Michael W. Moore, is the Secretary of the Florida Department of Corrections (DOC), and as such, has responsibility for all matters pertaining to the governance and control of prisoners in DOC custody. Petitioner has filed a petition for writ of certiorari challenging an order of the circuit court denying his petition for mandamus relief. In the petition for writ of mandamus, petitioner alleged the Florida Department of Corrections failed to adhere to its own rules with respect to the investigation and hearing conducted in connection with a prison disciplinary report charging petitioner with a violation of DOC rules. We grant the petition for writ of certiorari, and quash the order denying the petition for writ of mandamus.
On February 21, 1998, petitioner was charged with a violation of Florida Administrative Code (FAC) Rule 33.22-012, § 3-4, trafficking in drugs, stemming from an incident which occurred on December 9, 1997, at Baker Correctional Institution. The investigative report established that Inspector Rhoden initiated an alleged marijuana transaction involving a confidential informant/inmate and several correctional officers who had been posted in a particular area to watch petitioner and the informant.
Petitioner prevailed on his first formal grievance of the disciplinary report, because his requested witness was not interviewed at the disciplinary hearing. Prison authorities refiled the trafficking charge, and petitioner again was found guilty of drug trafficking. Petitioner appealed the second disciplinary report, alleging, among other things, that witnesses to the incident *245 were not listed in the disciplinary report as required by FAC Rule 33-22.005(2). The appeal was denied at the institutional level, on the ground that the two officers named by petitioner indicated they arrived at the area after the disciplinary incident had occurred, thus had not seen the incident.
Petitioner appealed the response to the Department Secretary. In the appeal, petitioner detailed the situation, listed other witnesses to the incident, stated that Inspector Rhoden told petitioner that a videotape was made of the incident, reasserted his contention that he asked that the videotape be produced at the original hearing and at the telephone hearing, and stated he was not afforded the opportunity to give a verbal or written closing statement. Petitioner's appeal to the Department Secretary was denied.
Petitioner's attorney wrote a letter to inmate Charles Davis inquiring into events surrounding the incident of December 9, 1997. In his response, Mr. Davis indicated that Officer Best, and Sergeants Gay and Farmer were present at the time of the incident. According to Mr. Davis, petitioner was not in possession of marijuana. Mr. Davis saw Officer Stephens dig the marijuana from the ground. Mr. Davis advised petitioner's attorney that Inspector Rhoden threatened Davis with an outside charge and ten more years in prison if he failed to corroborate Inspector Rhoden's version of the incident.
In his petition for writ of mandamus, petitioner alleged the witnesses referenced in the investigative report and incident report were not listed on the Disciplinary Report, as required by the rule. Petitioner further alleged the videotape evidence and eyewitness testimony of other staff and officers who witnessed the incident had not been presented, even after petitioner requested their production at the hearing. Petitioner alleged the other staff members and officers who witnessed or were involved in the incident would have proffered testimony that would exculpate him, as would evidence revealed by the videotape. In addition, petitioner alleged he was not allowed to make a closing statement.
Petitioner asserted respondents had a legal duty to note on the disciplinary report the eyewitnesses mentioned in the investigative report; respondents had a legal duty to present evidence at the hearing, including exculpatory evidence; and the denial of petitioner's grievance appeal constituted a departure from the essential requirements of the law that will cause material injury for which there is no adequate remedy by appeal. Petitioner further asserted that the DOC was required to perform the following ministerial, non-discretionary acts: note the names of persons who witness an incident; present evidence; allow an inmate to make a closing statement; and document reasons why evidence is not presented. Petitioner asserted he has the clear legal right to have those duties performed, and no other legal method to obtain performance of those duties than by mandamus.
The trial court issued an order directing the Department of Corrections to show cause why the writ of mandamus should not be granted. In its response, the DOC asserted petitioner was not entitled to the writ, because he failed to demonstrate a clear legal right on his part and a ministerial legal duty on the part of respondent. The DOC further alleged petitioner failed to exhaust administrative remedies with respect to its alleged failure to produce exculpating evidence (a videotape of the incident), and the failure to afford him an opportunity to give a verbal or written closing statement at the disciplinary hearing. The DOC asserted the statements by Inspector Rhoden and Officer Stephens that petitioner was involved in a marijuana sale, and was observed attempting to hide the marijuana by covering it with dirt, satisfies the evidentiary standard applicable to inmate disciplinary proceedings.
Petitioner filed a response, asserting the Department implicitly admitted it *246 failed to document the reasons for its failure to present evidence at the disciplinary hearing, and admitted petitioner was not allowed to make a closing statement. Petitioner further asserted that the Department's failure to deny its legal duty to perform all of the acts cited by petitioner in his petition constituted an admission that it has such legal duty. Petitioner requested that the circuit court issue a writ of mandamus requiring the Department to comply with the applicable provisions of the FAC.
In the order denying the petition for writ of mandamus, the circuit court concluded Officers Best and Jones did not witness the incident, thus the Department was not required to list the officers as eyewitnesses. The court further found the Department's failure to list several officers involved in the transaction did not establish that the names of persons who witnessed the incident were not noted, thus Rule 22.005(2) was not violated. Among other things, the circuit court found the rule does not require that all possible evidence must be presented and made available to the inmate; the existence of the transaction was contested; no videotape was relied upon by the disciplinary team in finding petitioner guilty; and there was no clear showing that Rule 33-22.006 was not complied with because some evidence was presented. The court expressly found that petitioner's due process rights were not violated, noting any failure to allow petitioner to give a closing statement did not invalidate the proceedings or justify a writ of mandamus to compel a new disciplinary hearing. Thereafter, the circuit court summarily denied petitioner's motion for rehearing.
Pursuant to Florida Rule of Appellate Procedure 9.030(b)(2)(B), a circuit court order ruling on an administrative action is reviewable in the district court by certiorari. See Sheley v. Florida Parole Commission, 720 So.2d 216, 217 (Fla.1998). See also McDuffy v. Moore, 747 So.2d 1003, 1004 (Fla. 2d DCA 1999)(extending principle of Sheley to mandamus petitions addressing disciplinary actions of the DOC). Accord Doss v. Florida Department of Corrections, 730 So.2d 316 (Fla. 4th DCA 1999). The standard of review applicable to circuit court review of a decision of an administrative agency is: (1) whether procedural due process was accorded; (2) whether the essential requirements of law were observed; and (3) whether the administrative findings and judgment are supported by competent substantial evidence. See Haines City Community Development v. Heggs, 658 So.2d 523, 530 (Fla.1995). The standard of review for certiorari in the district court is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law. See id. See also Combs v. State, 436 So.2d 93 (Fla.1983); City of Jacksonville Beach v. Marisol, 706 So.2d 354, 355 (Fla. 1st DCA 1998).
One seeking a writ of mandamus must show that he has a clear legal right to the performance of a clear legal duty by a public officer, and that he has no other available legal remedies. See Hatten v. State, 561 So.2d 562, 563 (Fla.1990); Holcomb v. Department of Corrections, 609 So.2d 751, 753 (Fla. 1st DCA 1992); Adams v. State, 560 So.2d 321, 322 (Fla. 1st DCA 1990). Mandamus may be used only to enforce a clear and certain right; it may not be used to establish such a right, but only to enforce a right already clearly and certainly established in the law. See Florida League of Cities v. Smith, 607 So.2d 397, 400-401 (Fla.1992). "Mandamus may be granted only if there is a clear legal obligation to perform a duty in a prescribed manner." See Adams, 560 So.2d at 323; Holland v. Wainwright, 499 So.2d 21, 22 (Fla. 1st DCA 1986)("The writ may be used to compel the performance of a ministerial duty imposed by law where it has not been performed as the law requires."). See also Lewis v. State, 764 So.2d 636 (Fla. 1st DCA 2000). A prisoner seeking mandamus relief must demonstrate *247 that he or she has exhausted available administrative remedies. See Barber v. State, 661 So.2d 355, 356 (Fla. 3d DCA 1995).
"All facts alleged in the order to show cause, which generally incorporates by reference the original petition, that are not specifically denied are admitted to be true." See Holcomb, 609 So.2d at 753, citing Arnold v. State ex rel. Mallison, 147 Fla. 324, 2 So.2d 874 (1941). Therefore, when the Department of Corrections response fails to refute the allegations of the petition which show entitlement to relief, the petitioner is entitled to mandamus relief. See, generally, Turner v. Singletary, 623 So.2d 537, 539 (Fla. 1st DCA 1993).
In a prison disciplinary proceeding, an inmate is entitled to: (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence regarding his case; and (3) a written statement of the evidence relied on and reasons for the disciplinary action. See Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 2978-2980, 41 L.Ed.2d 935 (1974). Although the denial of good time credit implicates due process, "[r]evocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context." See Dugger v. Grant, 610 So.2d 428, 433, n. 3 (Fla.1992), quoting Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 456, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985).
Petitioner in this case was confronted with disciplinary confinement and loss of gain time.[1] Petitioner claims the DOC had a ministerial duty to note the names of witnesses to the incident, and he had a clear legal right to know the names of the witnesses and to examine them. It appears petitioner is correct. See Sims v. Dugger, 519 So.2d 1080, 1082 (Fla. 1st DCA 1988).
At the time of the disciplinary proceedings at issue in this case, FAC Rule 33-601.304, pertaining to preparation of disciplinary reports, provided:
(1) Only one violation shall be included in each disciplinary report. Separate disciplinary reports shall be used for multiple offenses.
(2) The statement of facts shall contain a description of the violation, including date, time and place, and any other specific facts necessary for an understanding of the charge. In addition, the names of persons who witnessed the incident shall be noted.
In the motion for rehearing or clarification, the Department's counsel advised that DOC responded to the petition for writ of mandamus by amending subsection (2) of Rule 33-601.304. The current version of subsection (2) states:
(2) The statement of facts shall include
(a) A description of the violation, including date, time and place;
(b) The specific rules violated;
(c) A formal statement of the charge;
(d) Any unusual inmate behavior;
(e) Any staff witnesses;
(f) Any physical evidence and its disposition;
(g) Any immediate action taken, including use of force; and
(h) Any other specific facts necessary for an understanding of the charge.
The changes in the revised version of subsection (2) of Rule 33-601.304 do not affect the decision in this case. Here, petitioner sought the names of staff witnesses to the alleged drug transaction. Under either the new or the former version of Rule 33-601.304(2), the Department is required to provide the information sought by petitioner.
*248 FAC Rule 33-601.305, pertaining to inmate disciplinary investigations, provides:
The investigating officer shall initiate the investigation of the infraction after receipt of the disciplinary report. The investigating officer is responsible for the following:
(1) Interviewing the charging staff member.
(2) Interviewing the charged inmate. When interviewing the charged inmate the investigator is responsible for the following:
(a) Delivering the charge to the inmate by reading the charge and statement of facts to the inmate.
(b) Appointing a staff assistant if necessary.
(c) Obtaining the inmate's version of the infraction.
(d) Asking the inmate if there are any witnesses to offer in the inmate's behalf.

(3) Interviewing additional staff, inmates, and other individuals who have information pertaining to the infraction.
(4) Recording the results of the investigation on the Disciplinary Investigative Report, Form DC4-804A.(Emphasis supplied)
FAC Rule 33-601.307, pertaining to disciplinary hearings, provides in pertinent part:
(1) ...
. . . .
(g) ... If the inmate pleads "not guilty," evidence is to be presented, including witness statement forms obtained from witnesses.... If a witness statement is not read, the reason(s) shall be documented in the witness disposition form. If other evidence is not revealed to the inmate, the reason(s) shall be documented in section IV of the disciplinary report. The inmate may make any closing statement, written or verbal, concerning the infraction for consideration by the hearing officer or disciplinary team....
. . . .
(3) The inmate may request that witnesses appear at the hearing, ...
In Sandin v. Conner, 515 U.S. 472, 483-484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Court instructed:
Following Wolff, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. (citation omitted) But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.
The liberty interest at issue in this case concerns the revocation of gain time credits, a substantive interest entitled to the due process protections as articulated in Wolff and reaffirmed in Sandin. Cf. Meola v. Department of Corrections, 732 So.2d 1029, 1035 (Fla.1998)(Provisional Credits statute provided liberty interest which cannot be taken without due process).
In this case, Department memoranda relating to the alleged drug transaction refer to several officers who witnessed the incident. Pursuant to former Rule 33-601.304(2), "the names of persons who witnessed the incident shall be noted." Under the current version of the rule, the Department is required to provide the names of "staff" witnesses. Here, the DOC failed to provide the names of all staff members who witnessed the incident, and failed to document on the disciplinary report the reason for failing to reveal this evidence to petitioner, contrary to the provisions of Rule 33-601.307(1)(g). In this regard, petitioner established a clear legal right, under Rule 33-601.304(2), to have the names of witnesses to the incident noted on the disciplinary report, and established that the Department failed to comply with its ministerial duty under the *249 rule. The Department's failure to provide the names of witnesses, and failure to explain the reason for withholding such information, amounts to a denial of due process, because it impairs petitioner's ability to challenge the DOC revocation of 180 days of gain time.
In summary, our decision in this case is predicated on the substantive nature of the liberty interests at issue. The Department's failure to comply with its own rules provides the factual basis for our decision. Petitioner established a clear legal right to have the Department comply with its rule requiring that (staff) witnesses to an incident either "shall be noted" (former version), or "shall" be included (current version), on the disciplinary report.[2] Further, petitioner established that he exhausted administrative remedies as to this issue, and arguably, exhausted administrative remedies as to his request to produce a videotape of the incident. The Department's failure to provide the names of witnesses to the incident amounts to a denial of petitioner's right to offer witnesses on his behalf, thereby implicating his right to due process of law.
Accordingly, the petition for writ of certiorari is granted and this cause is remanded with directions to afford mandamus relief to petitioner as to the Department's failure to note the names of witnesses on the disciplinary report, and its failure to produce the videotape, or to explain the reason for such failure.
ALLEN and KAHN, JJ., CONCUR.
NOTES
[1] The discipline imposed was 30 days of confinement and loss of 180 days of gain time.
[2] Because petitioner is entitled to the information requested under either the former or current version of Rule 33-601.304(2), we have not undertaken a procedural/substantive analysis of the rule change.