PER CURIAM.
Michael G. Tindall petitions this court for mandamus relief, complaining that although he has indicated a willingness to pay any necessary charges, his letters and motions to the circuit court requesting copies of records and an order directing the transcription of certain proceedings have not been satisfactorily addressed. We issued an order to show cause, and based upon the state’s response, we are satisfied that petitioner’s request for copies of existing documents from the court’s file is being properly addressed by the trial court clerk.
However, the state’s response does not establish that the trial court has acted on petitioner’s motions seeking an order directing the transcription of certain hearings. We do note that despite the trial court clerk’s advice to the contrary, the necessity of such an order is doubtful in this case. Tindall has expressed a willingness to pay the costs of transcription, and that being the case, we see no reason why he cannot simply make necessary arrangements with the court reporter to have the transcripts prepared. Nonetheless, the trial court does have an obligation to rule on the motions to transcribe, regardless of their merit or necessity. See Kramp v. Fagan, 568 So.2d 479 (Fla. 1st DCA 1990). Accordingly, we grant the petition for writ of mandamus to the extent of directing the trial court to promptly enter an order disposing of any such pending motions.
JOANOS, WEBSTER and PADOVANO, JJ., concur.