820 So.2d 317 (2001)
Alexander J. MILANICK and John C. Milanick, Appellants,
v.
TOWN OF BEVERLY BEACH, et al., Appellees.
No. 5D00-3171.
District Court of Appeal of Florida, Fifth District.
October 19, 2001.
*318 James J. Kearn, P.A., Daytona Beach, for Appellants.
Sidney M. Nowell and Christine Costa-Camacho of Chiumento & Associates, P.A., Palm Coast, for Appellee, Town of Beverly Beach.
Timothy M. Goan of Timothy M. Goan, P.A., Palm Coast, for Appellee, Charles Osborne.
PLEUS, J.
This case involves the failure of a town to properly record its ordinance annexing two parcels of land. Ultimately, the appellants filed a three count complaint in the circuit court alleging their civil rights were violated by the town and its mayor and seeking a writ of mandamus compelling the town to take the steps necessary to properly complete the annexation. The circuit court dismissed all three counts with prejudice. While we affirm the dismissal of the two counts alleging civil rights violations, we reverse the dismissal of the count seeking mandamus relief. The appellants presented a facially sufficient petition for a writ of mandamus, and the trial court should have issued an alternative writ.
The case began in 1995, when the Beverly Beach Town Council passed an ordinance to annex the properties of the appellants, Alexander and John Milanick, into the town of Beverly Beach. The ordinance, as actually written, contained an unusual scrivener's error of stating that the entity annexing the property was the City of Bunnell. The Council, in November of that year, voted to have the ordinance amended but the ordinance as amended was signed neither by two of the five commissioners, nor the then-mayor, Donald McGraw. In addition, the ordinance was never recorded in the public records of Flagler County as required by law.
Eventually the omissions were discovered and in August, 1999, as noted in the trial court's dismissal order:
The Town adopted a resolution to complete annexation by signing the ordinance and recording it. Mayor Charles Osborne vetoed that resolution. The Council then passed a resolution overriding the Mayor's veto and directed the Town complete annexation by recording the ordinance with the Clerk of the Circuit Court.
The appellants alleged in their complaint filed in March of 2000, that the recording never took place because Mayor Osborne conferred with the Clerk of the Court to block recording of the ordinance. The trial court ruled that the complaint containing the petition for writ of mandamus was *319 untimely because it was filed more than 30 days after the Town voted to complete the annexation in August, 1999.
Florida Rule of Civil Procedure 1.630 provides in pertinent part:
(a) Applicability. This rule applies to actions for the issuance of writs of mandamus, prohibition, quo warranto, certiorari, and habeas corpus.
(b) Initial Pleading. The initial pleading shall be a complaint. It shall contain:
(1) the facts on which the plaintiff relies for relief;
(2) a request for the relief sought; and
(3) if desired, argument in support of the petition with citations of authority. The caption shall show the action filed in the name of the plaintiff in all cases and not on the relation of the state. When the complaint seeks a writ directed to a lower court or to a governmental or administrative agency, a copy of as much of the record as is necessary to support the plaintiff's complaint shall be attached.
(c) Time. A complaint shall be filed within the time provided by law, except that a complaint for common law certiorari shall be filed within 30 days of rendition of the matter sought to be reviewed.
(d) Process. If the complaint shows a prima facie case for relief, the court shall issue:
(1) a summons in certiorari;
(2) an order nisi in prohibition;
(3) an alternative writ in mandamus that may incorporate the complaint by reference only;
(4) a writ of quo warranto; or
(5) a writ of habeas corpus.
(Emphasis added).
The standard for reviewing a trial court's decision to grant or not grant a writ of mandamus is essentially the same standard as a reviewing court's standard of a matter in which certiorari review is requested. Plymel v. Moore, 770 So.2d 242, 246 (Fla. 1st DCA 2000) ("The standard of review for certiorari in the district court is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law"). An action for a writ of mandamus, however, is separate and apart from an action for prohibition, quo warranto, certiorari, or habeas corpus. Fla. R. Civ. P. 1.630(a). In petitioning for common law certiorari review, a complaint must be filed "within 30 days of rendition of the matter sought to be reviewed." Fla. R. Civ. P. 1.630(c). Because the appellants, however, proceeded in mandamus, and "the proceeding below was not in substance a petition for certiorari, the date of rendition of [any] order is academic." Board of Trustees City Supplemental Pension Fund for Firemen and Policemen in City of Miami v. Mendelson, 601 So.2d 594, 596 n. 1 (Fla. 3d DCA 1992).
In mandamus, the relief sought may very well be rendition of a promised order. One cannot logically begin running a 30 day toll pursuant to rule 1.630(c) on a matter in which rendition of an order is the action being sought. In the instant case, the recording of the ordinance order indicating appellants' properties have been annexed, consistent with the Town's acts of August 1999, was sought.
In speaking on the issue of mandamus relief, the court in Plymel also noted:
One seeking a writ of mandamus must show that he has a clear legal right to the performance of a clear legal duty by a public officer, and that he has no other available legal remedies. See Hatten v. State, 561 So.2d 562, 563 (Fla.1990); Holcomb v. Department of Corrections, *320 609 So.2d 751, 753 (Fla. 1st DCA 1992); Adams v. State, 560 So.2d 321, 322 (Fla. 1st DCA 1990). Mandamus may be used only to enforce a clear and certain right; it may not be used to establish such a right, but only to enforce a right already clearly and certainly established in the law. See Florida League of Cities v. Smith, 607 So.2d 397, 400-401 (Fla. 1992). "Mandamus may be granted only if there is a clear legal obligation to perform a duty in a prescribed manner." See Adams, 560 So.2d at 323; Holland v. Wainwright, 499 So.2d 21, 22 (Fla. 1st DCA 1986) ("The writ may be used to compel the performance of a ministerial duty imposed by law where it has not been performed as the law requires."). See also Lewis v. State, 764 So.2d 636 (Fla. 1st DCA 2000).
Plymel at 246-247.
The question for the trial court was whether the petitioner demonstrated a prima facie case for mandamus relief; to wit: did the Town, acting through its council, have a clear legal duty to perform a ministerial act? We find that the Town did and that the trial court, accordingly, should have granted the writ.
We affirm the trial court's dismissal of the two counts alleging civil rights violations, reverse that portion of the complaint seeking mandamus relief, and remand with directions to grant the petition for mandamus relief.
REVERSED IN PART; REMANDED.
PETERSON and ORFINGER, R. B., JJ., concur.