866 So.2d 742 (2004)
Lynn AUSTIN, Appellant,
v.
James CROSBY, etc., Appellee.
No. 5D03-1834.
District Court of Appeal of Florida, Fifth District.
February 13, 2004.
*743 Lynn Austin, Lowell, Pro Se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Carrie R. McNair, Assistant Attorney General, Tallahassee, for Appellee.
MONACO, J.
We are presented by this appeal with the question concerning whether mandamus is the proper remedy for compelling prison officials to honor an inmate's request to be allowed to perform certain religious rites in prison. We hold because the appellant has not demonstrated that she has an established legal right to be permitted to perform these rites, and because the appellee does not have an indisputable ministerial duty, mandamus does not lie.
The appellant, Lynn S. Austin, an inmate in the custody of the Florida Department of Corrections ("DOC"), filed a petition for writ of mandamus in circuit court alleging that the DOC has refused to allow her to "observe, participate in, or perform sacred rituals, rites, or ceremonies on the evenings of and/or specified times for Esbats and Subbats as part of her Wiccan religion." She asserted in the lower court and asserts again on appeal that DOC has violated her First Amendment right to free exercise of religion by its refusal to honor her demand.
Wicca is a form of neo-paganism, a belief system and way of life based upon a modern reconstruction of pre-Christian Celtic traditions. It recognizes both male and female manifestations of divinity, and its festal times are tied to the cycles of nature. See Goodman v. Carter, 2001 WL 755137 (N.D.Ill.2001). Wicca has been recognized as a religion by the federal courts, and its status as a religion does not appear to be challenged by DOC in the present case. See Dettmer v. Landon, 799 F.2d 929 (4th Cir.1986), cert. denied, 483 U.S. 1007, 107 S.Ct. 3234, 97 L.Ed.2d 739 (1987).
Ms. Austin requested specifically that she and other inmates of the Wiccan faith be taken outside for time periods not to exceed one hour when the moon is visible on the dates of the full moon for private Esbat celebratory rituals. Ms. Austin explains in her brief that the "Drawing Down *744 of the Moon ritual" is performed on the Esbat of the monthly full moon. She asserts that the rituals are essential to the exercise of her religious faith.
After the trial court issued an order to show cause, the DOC argued, first, that mandamus was not the appropriate remedy, and secondly, that Ms. Austin failed to establish a clear legal right to the relief she was seeking. The trial court agreed and denied the petition. Ms. Austin appeals the order denying relief.
Mandamus is a common law remedy used to enforce an established legal right by compelling a person in an official capacity to perform an indisputably ministerial duty required by law. See Adams v. State, 560 So.2d 321, 322 (Fla. 1st DCA 1990). It may only be granted if there is a clear legal obligation to perform a duty in a prescribed manner. See Milanick v. Town of Beverly Beach, 820 So.2d 317, 320 (Fla. 5th DCA 2001). A duty or act is ministerial when there is no room for the exercise of discretion, and the performance being required is directed by law. See Shea v. Cochran, 680 So.2d 628, 629 (Fla. 4th DCA 1996); PCA Life Ins. Co. v. Metro. Dade County, 682 So.2d 1102, 1103 (Fla. 3d DCA), review denied, 661 So.2d 825 (Fla.1995); Lee County v. State Farm Mut. Auto. Ins. Co., 634 So.2d 250, 251 (Fla. 2d DCA 1994).
Thus, to be entitled to mandamus relief, Austin must demonstrate a clear legal right to have the DOC permit her to celebrate the described rituals, an indisputable legal duty on the part of the DOC to do so, and the absence of an adequate remedy. See Butler v. City of Melbourne Police Dep't, 812 So.2d 547, 548 (Fla. 5th DCA), review denied, 835 So.2d 265 (Fla. 2002); Hall v. Key, 476 So.2d 787, 788 (Fla. 1st DCA 1985); State, Dep't of Health & Rehabilitative Servs. v. Hartsfield, 399 So.2d 1019, 1020 (Fla. 1st DCA 1981). That is to say, as the purpose of mandamus is not to establish a legal right, but is instead to enforce a right that is already clearly established by law, Ms. Austin must demonstrate that she is unequivocally entitled as a matter of right to the relief that she is seeking. See Milanick, 820 So.2d at 320; see also Florida League of Cities v. Smith, 607 So.2d 397, 400-01 (Fla.1992); State ex. rel. Glynn v. McNayr, 133 So.2d 312 (Fla.1961).
In the present case Ms. Austin simply does not demonstrate the possession of a clear legal right to require DOC to allow her to participate in the rituals. The reason lies in the particular tension between the retained constitutional rights of inmates, and the requirements of prison authorities to safely and properly operate prison facilities.
Prison inmates do not lose all of their constitutional rights upon incarceration. See Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). These rights are, however, "necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." See O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987). Thus, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner, 482 U.S. at 89, 107 S.Ct. 2254. Courts must consider in this regard: whether there is a valid, rational connection between prison regulation and legitimate governmental interest put forward to justify the regulation; whether there are alternative means of exercising rights that remain open to inmates; whether accommodation of asserted rights will have a significant "ripple effect" on fellow inmates or prison staff; *745 and whether there is a ready alternative to regulation that fully accommodates prisoners' rights at de minimis cost to valid penological interest. See Id. at 89-90, 107 S.Ct. 2254.
In order to establish a violation of the right of free exercise of religion, an inmate must demonstrate that the prison system burdened the practice of his or her religion by preventing the inmate from engaging in conduct required by his or her faith, and made its decision to burden the practice without a justification that is reasonably related to legitimate penological interests. See Id. at 89, 107 S.Ct. 2254. In the present case the DOC has made some accommodations to permit Ms. Austin to practice her Wiccan rites. She has, for example, been permitted to purchase religious study materials and to purchase and wear religious medallions; to participate in daily meditation; to use tarot cards; and to set aside personal study time. DOC argues, however, that to allow Ms. Austin to participate with other Wiccans in private ceremonies outside of the prison housing facilities presents security risks that are unacceptable. Ms. Austin has failed to demonstrate that this concern is unwarranted or that it is not reasonably related to legitimate penological interests, such that she has an absolute right to practice this aspect of her belief system.
It is quite clear, therefore, that mandamus is not appropriate. Ms. Austin does not have a clear legal right to participate in Esbats and Subbats, and DOC does not have an indisputable ministerial duty required by law to accommodate her participation in such rituals. Rather, the issue she raises calls for the exercise of reasonable penological judgment, and reasonable institutional security considerations have been voiced by DOC. Under these circumstances we fully agree with the trial court's denial of the petition for mandamus. See Walker v. Blackwell, 411 F.2d 23 (5th Cir. 1969); Wilson v. Moore, 270 F.Supp.2d 1328 (N.D.Fla.2003).
AFFIRMED.
SHARP, W., and TORPY, JJ., concur.