PER CURIAM.
Three civil litigants petition this court for a writ of mandamus compelling the judge of the Appellate Division of the Sixth Judicial Circuit Court to grant indigent fee waivers. As each petition presents the same legal issue, we have consolidated them only for purposes of this opinion. Because we conclude that the court has not complied with its ministerial duty to waive the filing fee when a litigant has been declared civilly indigent, we grant the petitions.
Each of these civil litigants filed a petition for writ of certiorari in the Appellate Division of the Sixth Circuit, challenging a decision of a City of St. Petersburg hearing master. Accompanying each petition, there was a motion to proceed in forma pauperis, a motion for indigent fee waiver of filing fee, and an application for determination of civil indigent status. In each case, the clerk of the circuit court granted the litigants’ applications for civil indigent status. The circuit court, however, denied the litigants’ motions to proceed in forma pauperis and for indigent fee waiver of filing fee, finding that although filing fees in appellate proceedings may be deferred for an indigent person, they may not be waived. Subsequently, the court ordered the litigants to enter into payment plans for the payment of the filing fee within thirty days of the signed order. The litigants then petitioned this court for writs of mandamus.
The litigants argue that mandamus is proper because the court’s duty to grant an indigent fee waiver, where a certificate of indigence has been granted, is a ministerial duty that is mandated by section 57.081(1), Florida Statutes (2012). Respondent, the Chief Judge of the Sixth Circuit, asserts that the petitions raise a point of possible statutory conflict but maintains that because the litigants initiated appellate proceedings from the lower court to the circuit court, sections 34.041(5), 28.241(2), and 28.246(4), Florida Statutes (2012), require the deferral — not waiver — of the filing fees. The parties agree that the litigants validly obtained a certification of indigence from the clerk and were properly declared indigent. We reject the respondent’s argument and grant the petitions for the reasons that follow.
“A writ of mandamus is used to enforce an established legal right by compelling a public officer or agency to perform a duty required by law.” Lee Cnty. v. State Farm Mut. Auto. Ins. Co., 634 So.2d 250, 251 (Fla. 2d DCA 1994). In order to issue a writ of mandamus, the *498 petitioner must demonstrate a clear legal right to the relief sought. Id. However, “[t]he fact that we may need to examine and interpret the statute in order to determine whether there is such a right does not make the right any more or less ‘clear.’” Schmidt v. Crusoe, 878 So.2d 361, 363 (Fla.2003); see also Fla. Caucus of Black State Legislators, Inc. v. Crosby, 877 So.2d 861, 863 (Fla. 1st DCA 2004) (“While we agree with the trial court that the Department’s statutory obligations are ambiguous, according to Schmidt, it is appropriate for us to interpret an ambiguous statute and then determine it to be sufficiently ‘clear’ for the purpose of mandamus.”).
“Because the Legislature does not intend to enact purposeless or useless laws, the primary rule of statutory interpretation is to harmonize related statutes so that each is given effect.” Butler v. State, 838 So.2d 554, 555-56 (Fla.2003) (citation omitted). “It is presumed that statutes are passed with the knowledge of existing statutes, so courts must favor a construction that gives effect to both statutes rather than construe one statute as being meaningless or repealed by implication.” Id. at 556. There is no conflict between the statutes at issue here, and the provisions can be harmonized.
“The general indigency statute, section 57.081, ... provides a general waiver of prepayment of court costs and fees for persons who are determined to be indigent....” Fla. Parole Comm’n v. Spaziano, 48 So.3d 714, 717 (Fla.2010) (interpreting the 2009 version of the statute, which is substantially similar to the 2012 version at issue). Section 57.081(1) provides in pertinent part that “[a] party who has obtained a certification of indigence pursuant to s. 27.52 or s. 57.082 with respect to a proceeding is not required to prepay costs to a court, clerk, or sheriff and is not required to pay filing fees or charges for issuance of a summons.” (Emphasis added.) Thus, under section 57.081, an individual who is found to be indigent will not be required to pay the filing fee and such a fee may not be included in the calculation related to a payment plan. See § 57.082(6) (“A person who the clerk or the court determines is indigent for civil proceedings under this section shall be enrolled in a payment plan under s. 28.246 .... Filing fees waived from payment under s. 57.081 may not be included in the calculation related to a payment plan established under this section.”).
Section 28.241(2) provides that in circuit court appellate proceedings, “[i]f the party is determined to be indigent, the clerk shall defer payment of the fee.” See also § 34.041(5) (“Upon the institution of any appellate proceeding from the county court to the circuit court, including any appeal filed by a county or municipality, the clerk shall charge and collect filing fees as provided in s. 28.241(2) from the party or parties instituting the appellate proceedings. If the party is determined to be indigent, the clerk shall defer payment of the fee.” (emphasis added)). Additionally, section 57.081(3) specifically provides that “[i]f an applicant prevails in an action, costs shall be taxed in his or her favor as provided by law and, when collected, shall be applied to pay filing fees or costs that have not been paid.” Taken together, we interpret these sections to mean that in an appellate proceeding from a lower tribunal to the circuit court, once the individual is found to be indigent, the related filing fee must be waived as to the individual but deferred and levied against the opposing party should the applicant prevail. In other words, the fee is not deferred so the indigent party can later pay it; rather, the fee is deferred so it can be collected from the opposing party if the indigent party prevails. Thus, the civil litigants have a *499 right to have the fee waived, and the circuit court has a legal duty to waive the fee.
Accordingly, we grant the petitions for writs of mandamus.[1] The court is hereby directed to waive each civil litigant’s filing fee. As we are confident that the court will promptly comply with this ruling, we withhold formal issuance of the writ.
Petitions granted.
CASANUEVA, KHOUZAM, and SLEET, JJ., Concur.

. In 2D13-4661, petitioner urges this court to quash footnote one of the circuit court’s Administrative Order 2009-038 PA/PI-CIR. We decline to do so; however, we are certain that the circuit court will amend the order to the extent that it may conflict with this opinion.