812 So.2d 547 (2002)
Jerry BUTLER, Appellant,
v.
CITY OF MELBOURNE POLICE DEPARTMENT, Appellee.
No. 5D00-2220.
District Court of Appeal of Florida, Fifth District.
March 28, 2002.
*548 Jerry Butler, Blountstown, pro se.
No Appearance for Appellee.
GRIFFIN, J.
This is the pro se appeal of an order denying a prisoner's petition for writ of mandamus.
On September 24, 1998, Jerry Butler ["Butler"] filed a petition for writ of mandamus against the City of Melbourne Police Department. The petition alleged that when Butler was arrested on January 27, 1997, he was carrying $1,037 in U.S. currency which was seized by the Melbourne Police Department pursuant to the provisions of the "Florida Contraband Forfeiture Act";[1] that Butler requested the preliminary "probable cause" hearing under section 932.703(2)(a), Florida Statutes; that Butler received notice on February 19, 1997 that a preliminary probable cause hearing would be held the following day; that Butler was never transported from the Brevard County Jail, where he was being held without bail, to the preliminary "probable cause" hearing on February 20, 1997; and that the preliminary hearing was held in Butler's absence. Butler further alleged that he was later served with a motion for default and motion for entry of a final judgment of forfeiture, and that he received a notice of entry of a default on July 3, 1997 and notice of entry of a final order of forfeiture on July 14, 1997. Butler's petition for writ of mandamus sought an order compelling the City of Melbourne Police Department to return his property because of the failure to afford him "due process" in forfeiting his property. The petition was denied and Butler now appeals.
Mandamus is a common law remedy used to enforce an "established legal right by compelling a person in an official capacity to perform an indisputable ministerial duty required by law." Puckett v. Gentry, 577 So.2d 965, 967 (Fla. 5th DCA 1991). A party petitioning for a writ of mandamus must establish a clear legal right to performance of the act requested, an indisputable legal duty, and no adequate remedy at law. See Turner v. Singletary, 623 So.2d 537 (Fla. 1st DCA 1993).
*549 In this case, Butler is unable to establish a clear legal right to the return of his property. He acknowledges in his petition that a final judgment of forfeiture has been entered by the trial court. The judgment perfected title to Butler's property in the City of Melbourne Police Department. See § 932.704(8), Fla. Stat. (1995). Butler's later appeal of the order was untimely, see Butler v. City of Melbourne, Case No. 97-2276, which means that the order became final thirty days after it was issued.
Butler has attempted to use mandamus to litigate the issue of whether he received due process during the course of the forfeiture proceedings and/or as a means of setting aside the final judgment of forfeiture, based on an alleged denial of due process during the course of those proceedings. However, mandamus may not be used to establish rights. Florida League of Cities v. Smith, 607 So.2d 397 (Fla.1992). It may be used only to enforce a right clearly and certainly established in the law. Id.
AFFIRMED.
SHARP, W., and PLEUS, JJ., concur.
NOTES
[1] See §§ 932.701-932.707, Fla. Stat. (1995).