989 So.2d 25 (2008)
CITY OF BRADENTON, Florida, Appellant,
v.
Delane JOHNSON, Appellee.
No. 2D07-1312.
District Court of Appeal of Florida, Second District.
June 20, 2008.
*26 Michael J. Roper and Dale A. Scott of Bell & Roper, Orlando, for Appellant.
Christopher E. Cosden of The Wilbur Smith Law Firm, Fort Myers, for Appellee.
KELLY, Judge.
The City of Bradenton appeals from the trial court's order granting Delane Johnson's petition for writ of mandamus. Because mandamus is not the appropriate vehicle to obtain relief in this case, we reverse. However, we do so without prejudice to Johnson to seek further relief in the circuit court.
City of Bradenton police officers approached Johnson during a robbery investigation and noticed that he had a large roll of cash, discovered to be $10,020, in his possession. Johnson stated that the money came from his mother's business. The officers arrested Johnson for a violation of section 896.102, Florida Statutes (2006), for failing to report receipt of more than $10,000 in currency received in trade or business.
While Johnson was being held in the county jail, police officers presented him with a document titled "Bradenton City Police Department, Bradenton, Florida, Contraband Forfeiture Agreement." The agreement stated that "[i]n consideration of the department forgoing its right to file an action under the Florida Contraband Forfeiture Act[1] and to avoid the costs, delay and uncertainty of litigation to all parties," Johnson would surrender the money to the department and release the department from any damages, suits or claims related to the seizure of the property. It further required Johnson to acknowledge that he voluntarily agreed to enter into the agreement without benefit of counsel, waived the right to review of the agreement by a court, mediator or arbitrator, and waived the right to a jury trial. Johnson signed the agreement surrendering the money to the City. He was never charged with any crime.
Johnson later filed a petition for a writ of mandamus seeking to stop the Bradenton Police Department from entering into forfeiture contracts with arrestees and to require the City to file a civil action for forfeiture of the $10,020. The City moved to dismiss Johnson's petition. Following a hearing, the court denied the City's motion and granted Johnson's petition, finding, among other things, that the contract was invalid for lack of consideration. The trial court ordered the City to either properly pursue a forfeiture proceeding to obtain the money or to return the money to Johnson.
As the City argues, mandamus is a common law remedy to enforce an established legal right by compelling a public officer or agency to perform a legally required ministerial duty. Smith v. State, 696 So.2d 814, 815 (Fla. 2d DCA 1997); Plymel v. Moore, 770 So.2d 242 (Fla. 1st DCA 2000). Mandamus may only be employed to enforce a right by compelling performance of a duty, but not to litigate an entitlement to a right. Butler v. City of Melbourne Police Dep't, 812 So.2d 547, 548 (Fla. 5th DCA 2002). Here, Johnson attempted to use mandamus to determine whether the City had a right to use forfeiture contracts generally, whether his due process rights were violated, whether the agreement he entered into with the City *27 was valid, and whether he had a right to the return of the money. Accordingly, we agree with the City that Johnson should not have sought relief via mandamus. See Fla. League of Cities v. Smith, 607 So.2d 397 (Fla.1992).
Although Johnson may have incorrectly sought relief via mandamus, as the trial court correctly recognized, his petition did set forth sufficient facts to demonstrate that he may have a viable claim against the City. Thus, while we reverse the order granting Johnson's petition for a writ of mandamus, we do so without prejudice to Johnson to seek further relief in the trial court. On remand, the trial court should give Johnson an opportunity to file an amended pleading seeking an appropriate form of relief.
Reversed and remanded with directions.
NORTHCUTT, C.J., and VILLANTI, J., Concur.
NOTES
[1] See §§ 932.701-707, Fla. Stat. (2006).