CASANUEVA, Chief Judge.
 

 The City of Tarpon Springs appeals from the circuit court’s order granting a petition for a writ of mandamus filed by William P. Planes, Sr., Regina Planes, and William Planes, II (the Family). Because mandamus is not the appropriate vehicle to obtain the relief sought, we reverse.
 
 See City of Bradenton v. Johnson,
 
 989 So.2d 25 (Fla. 2d DCA 2008) (reversing a grant of a petition for mandamus on the basis of inappropriate relief sought but without prejudice to the appellee/petitioner to seek further relief in the trial court if appropriate or available).
 

 Background Facts
 

 The City owns and operates a cemetery within city limits in which the Family, in 2004, purchased three contiguous plots. The purchase contract (the agreement) also allowed construction of three individual mausoleums, the dimensions of which were specified, and required each to be built in accordance with cemetery policies and city building codes. The cemetery’s rules and regulations were incorporated by reference into the agreement and explicitly provide that “[wjhen a grave space is purchased, the purchaser purchases the exclusive right of interment in the burial plot rather than the grave space itself, which remains the sole property of the City and under the sole control of the City.”
 
 [1]
 
 The dispositive provision in this case, paragraph 13A, states that the agreement
 
 “may not be altered or modified except by the written agreement of all the parties hereto.”
 

 In December 2007, after discussion among themselves and other family members about the future disposition of their earthly remains, the Family sought to change the concept from three separate mausoleums to one larger mausoleum built across the three plots. In accordance with paragraph 13A of their agreement, they wrote to the City’s director of public services, requesting the City’s approval of the new burial concept before they finalized the layout of the single structure with the mausoleum builder. Concluding that he did not have authority to grant the Family’s request to modify the agreement, the director of public services added it to the next meeting agenda of the Board of City Commissioners. At this meeting, the City’s planning department recommended denying the modification from three mausoleums to one. The meeting was continued for seven days to give the city commissioners an opportunity to view the site in the cemetery and to become better informed before voting whether to approve the change. At the reconvened meeting,
 
 *695
 
 the city commissioners denied the Family’s request to modify the agreement.
 

 After being denied modification of the agreement, the Family requested relief under section 70.51, Florida Statutes (2008), the Florida Land Use and Environmental Dispute Resolution Act (the Act), but the City declined. Any landowner who believes that a development order or an enforcement action of a governmental entity is unreasonable or unfairly burdens the use of the owner’s real property may seek relief under the Act for appointment of a special magistrate to act as a facilitator or mediator to “effect a mutually acceptable solution” in an informal setting.
 
 See
 
 § 70.51(3), (17)(a). After the City declined to participate in proceedings under the Act, the Family petitioned the circuit court for a writ of mandamus to compel the City to participate in the Act’s informal dispute resolution process. After the circuit court granted the petition and issued the writ of mandamus, the City appealed.
 

 Analysis
 

 A. Inappropriate Remedy Sought
 

 Writing for the court, Judge Kelly explained in
 
 City of Bradenton v. Johnson,
 
 989 So.2d at 26-27:
 

 As the City argues, mandamus is a common law remedy to enforce an established legal right by compelling a public officer or agency to perform a legally required ministerial duty.
 
 Smith v. State,
 
 696 So.2d 814, 815 (Fla. 2d DCA 1997);
 
 Plymel v. Moore,
 
 770 So.2d 242 (Fla. 1st DCA 2000). Mandamus may only be employed to enforce a right by compelling performance of a duty, but not to litigate an entitlement to a right.
 
 Butler v. City of Melbourne Police Dep't,
 
 812 So.2d 547, 548 (Fla. 5th DCA 2002).... [W]e agree with the City that Johnson should not have sought relief via mandamus.
 
 See Fla. League of Cities v. Smith,
 
 607 So.2d 397 (Fla.1992).
 

 In
 
 Johnson,
 
 the petitioner attempted to use mandamus to determine whether the City of Bradenton had a right to use forfeiture contracts generally, whether his due process rights were violated, whether the agreement he entered into with the City was valid, and whether he had a right to the return of the money.
 
 Id.
 
 None of these involve a ministerial duty of the respondent governmental entity. “A ministerial duty is ‘some duty imposed expressly by law, not by contract or arising necessarily as an incident to the office, involving no discretion in its exercise, but mandatory and imperative.’ ”
 
 Escambia County v. Bell,
 
 717 So.2d 85, 88 (Fla. 1st DCA 1998) (quoting
 
 State ex rel. Allen v. Rose,
 
 123 Fla. 544, 167 So. 21, 22-23 (1936)). For example, the clerk of the circuit court has a ministerial duty to forward notices of appeal to the district court to continue the appellate procedure which the notice of appeal, if timely filed, commenced.
 
 Allston v. State,
 
 685 So.2d 1312, 1313 (Fla. 2d DCA 1996).
 

 Likewise in this case, agreeing to a modification of an agreement to build one mausoleum rather than the contractually approved three was not a ministerial duty of the City of Tarpon Springs; rather, it was purely a matter of discretion on the City’s part as proprietor of the cemetery and party to the agreement. Nothing in the parties’ agreement limited this discretion to modify the agreement in any way.
 
 See Migliore v. City of Lauderhill,
 
 415 So.2d 62, 63 (Fla. 4th DCA 1982) (stating that mandamus “is [not] proper to mandate the doing (or undoing) of a discretionary act”),
 
 approved,
 
 431 So.2d 986 (Fla.1983). The circuit court could not compel the execution of this discretionary act. Thus it was error to grant the Family’s petition and issue the writ of mandamus.
 

 
 *696
 
 B. Relief Under The Act
 

 The Family attempted to clothe their clash of opinion with the City in the trappings of the Act. The City did not have a ministerial duty to submit to the dispute resolution procedures of the Act unless the dispute qualified for such informal resolution, which here it did not. Given the nature of the right held in the three cemetery plots, the Family does not qualify as an “owner” under the Act. A plain reading of the definition of “owner” precludes the Family from invoking the provisions of the Act:
 

 “Owner” means a person with a legal or equitable interest in real property who filed an application for a development permit for the property at the state, regional, or local level and who received a development order, or who holds legal title to real property that is subject to an enforcement action of a governmental entity.
 

 § 70.51(2)(d). Even assuming that the Family has, at most, an equitable interest in the three cemetery plots by having interment rights therein, they did not file an application for a development permit or receive a development order. There is no merit to their argument that the City’s denial of approval to amend the contract can be likened to a development order. None of the other provisions of this definition are remotely applicable to them. Because this dispute did not qualify as a land use or environmental dispute, it was not incumbent on the City to submit to the resolution procedures of the Act. No act by the City has changed the Family’s right to use the plots for interment purposes and to build three separate mausoleums upon them in accordance with their agreement.
 

 Conclusion
 

 Here, the City was acting in its individual corporate persona and signatory to an agreement, not as a governmental entity exercising governmental functions, e.g., changing a zoning designation or issuing a building permit. Reducing this case to its essence, the Family requested the City to take an action under the agreement that the City had a right to refuse and did refuse. Such a case is not one for which this extraordinary writ is available, and the Family was not entitled to avail themselves of the dispute resolution procedures of the Act or compel the City to do so.
 

 Reversed and remanded with directions to dismiss the petition for writ of mandamus.
 

 KELLY and CRENSHAW, JJ., Concur.
 

 [1]
 

 . Unfortunately, loose language was used in the agreement regarding deeds and documentary stamp taxes in contravention of the cent-etery's rules and regulations, but this is not dispositive of the case.