WHATLEY, Judge.
 

 The Attorney General for the State of Florida and the Public Defender for the
 
 *967
 
 Tenth Judicial Circuit have filed jointly against the Manatee County Clerk of the Circuit Court a petition for writ of mandamus. The petitioners complain that the Clerk, in more than twenty criminal and juvenile appeals since March 2010, has provided the petitioners with only CD-ROMs containing the trial transcripts in Microsoft Word. The petitioners claim that the Clerk’s failure to provide them with paper copies of the transcripts violates certain rules of procedure. They ask this court to direct the Clerk to provide them with paper copies. Because we conclude that the Clerk has not complied with his ministerial duty to provide the petitioners with the trial transcripts in the paper format required by the relevant rules of procedure, we grant the petition.
 

 Facts and procedural history
 

 On January 7, 2010, the chief judge of the Twelfth Judicial Circuit issued an administrative order. In pertinent part, this order directs as follows, with respect to felony appeals:
 

 In all publicly-funded cases the clerk of the lower tribunal, rather than the court reporter, shall prepare all necessary copies of the original transcripts [footnote citation to Florida Rule of Appellate Procedure 9.140(f)(2)(F) ]. Pursuant to Rule 9.200(b)(2), AOSC07-41, and AOSC07-28, the court reporter shall furnish electronic copies of all transcripts in Microsoft Word on a CD-Rom to the clerk of the lower tribunal and the parties.
 
 [1]
 

 In response, on March 5, 2010, the Manatee County Clerk of the Circuit Court issued the following memorandum to “All Appeal Attorneys”:
 

 A new Administrative Order in our Circuit makes “the clerk of the lower tribunal, rather than the court reporter, the preparer of all necessary copies of the original transcripts.”
 

 Enclosed is a copy of the transcript(s) on CD-ROM which have been provided to the clerk by the court reporter. Also enclosed is the Record on Appeal and the index.
 

 If you should have any questions, please feel free to contact [employee name] at [phone number].
 

 Thank you in advance for your cooperation in this matter.
 

 Based on the administrative order, the court reporter now sends the Clerk the original paper transcripts and a CD-ROM containing Microsoft Word files of the transcripts. The Clerk apparently duplicates the CD-ROM and forwards a CD-ROM to each of the appellate attorneys, including the petitioners in this proceeding. The Clerk forwards the paper original of the transcripts to this court. The Clerk also forwards the record other than the transcript to all recipients in traditional bound paper format.
 

 The Attorney General and the Public Defender assert that the Clerk is violating the appellate rules by failing to provide
 
 *968
 
 them with paper copies of the transcripts. They also argue that their budgets do not cover the costs of printing their own paper copies and that problems with inconsistent pagination among the parties and this court may arise if the petitioners have to rely on the CD-ROM versions of the transcripts. As a result, the Public Defender has been delaying processing the appeals pending resolution of the present petition. The Clerk asserts that he is following the rules correctly while operating under statutory and supreme court mandates to go paperless, that the Clerk’s budget is likewise limited, and that any problems with pagination would be the fault of the court reporter.
 

 Discussion
 

 The resolution of the issue of whether the Clerk may provide the parties with transcripts in CD-ROM format only is grounded in the rules of judicial administration and appellate procedure.
 
 [2]
 
 Florida Rule of Judicial Administration 2.535(a)(6) defines “official record” as “the transcript, which is the written record of court proceedings and depositions prepared in accordance with the requirements of subdivision (f).” Rule 2.535(f) reads, in pertinent part:
 

 (f) Transcripts. Transcripts of all judicial proceedings, including depositions, shall be uniform in and for all courts throughout the state. The form, size, spacing, and method of printing transcripts are as follows:
 

 (1) All proceedings shall be printed on paper 8½ inches by 11 inches in size and bound on the left.
 

 Fla. R. Jud. Admin. 2.535(f)(1);
 
 see also Moorman v. Hatfield,
 
 958 So.2d 396, 400 (Fla. 2d DCA 2007) (Altenbernd, J., concurring) (discussing rule 2.535 and noting that an audio compact disc does not constitute a transcript). The remainder of rule 2.535(f) delineates further technical specifications for transcripts such as font size and indentation. Individual volumes must be no more than 200 pages in length. Fla. R. Jud. Admin. 2.535(f)(9);
 
 see also
 
 rule
 
 *969
 
 9.200(b)(2) (providing for the same 200-page limitation).
 

 The core appellate rule concerning the record is Florida Rule of Appellate Procedure 9.200. Rule 9.200(a)(1) defines the record as “the original documents, all exhibits that are not physical evidence, and any transcript(s) of proceedings filed in the lower tribunal,” with the exception of certain documents not at issue here. Rule 9.140 delineates the procedures for criminal appeals. As for the record in criminal appeals, rules 9.140 and 9.200 are to be read together to determine the appropriate procedures.
 
 See
 
 Fla. R.App. P. 9.140(f)(1) (“The clerk of the lower tribunal shall prepare and serve the record prescribed by rule 9.200 within 50 days of the filing of the notice of appeal.”);
 
 see also
 
 Fla. R.App. P. 9.140 committee notes, 1977 amend. (“Subdivision [ (f) ] applies rule 9.200 to criminal appeals and sets forth the time for preparation and service of the record, and additional matters peculiar to criminal cases.”).
 
 [3]
 

 Rule 9.200(b)(2) requires the court reporter or transcriptionist to “transcribe ... the designated proceedings” “[wjithin 30 days of service of a designation.”
 
 [4]
 
 The routing of transcripts, once prepared by the court reporter, differs between the two rules. The default routing procedure delineated in rule 9.200(b)(2) requires the court reporter to distribute the transcripts by serving copies on the designated parties and filing the originals with the clerk of the lower tribunal. The transcripts must be distributed in paper format and as an “electronic copy”:
 

 Within 30 days of service of a designation, ... the approved court reporter, civil court reporter, or approved tran-scriptionist shall transcribe and file with the clerk of the lower tribunal the designated proceedings and shall serve copies as requested in the designation.
 
 In addition to the paper copies, the approved court reporter, civil court reporter, or approved transcriptionist shall file with the clerk of the lower tribunal and serve on the designated parties an electronic copy of the designated proceedings in a format apprvved by the supreme court.
 
 If a designating party directs the approved court reporter, civil court reporter, or approved transcriptionist to furnish the transcript(s) to fewer than all parties, that designating party shall serve a copy of the designated transcripts),
 
 in both electronic and paper form,
 
 on the parties within 5 days of receipt from the approved court reporter, civil court reporter, or approved transcriptionist. The transcript of the trial shall be securely bound in consecutively numbered volumes not to exceed 200 pages each, and each page shall be numbered consecutively....
 

 Fla. RApp. P. 9.200(b)(2) (emphasis added). The clerk then transmits the record, including the transcripts, to the appeals court. Fla. R.App. P. 9.200(d)(3).
 

 
 *970
 
 In derogation of this procedure in criminal appeals, the court reporter does not forward copies of the transcripts to the parties. Rather, the court reporter files with the clerk of the lower tribunal the “original transcripts for the [appeals] court” and “sufficient copies for the state and all indigent defendants.” Fla. R.App. P. 9.140(f)(2)(C). The clerk then distributes the record, including the transcripts or the copies, to the appeals court and the parties. Fla. R.App. P. 9.140(f)(4).
 

 However, rule 9.140(f) provides for an exceptional procedure — the cause of the dispute here — whereby the court reporter files
 
 only
 
 the transcripts with the clerk, who must then make copies for distribution to the parties: “The lower tribunal may by administrative order in publicly-funded cases direct the clerk of the lower tribunal rather than the approved court reporter or approved transcriptionist to prepare the necessary copies of the original transcripts.” Fla. R.App. P. 9.140(f)(2)(F). The chief judge effected this exception by issuing Administrative Order 2010-1.2, as recited above.
 
 [5]
 
 The clerk then distributes the record, including the transcripts or the copies, to the appeals court and the parties. Rule 9.140(f)(4).
 

 The petitioners argue that the provision of rule 9.200(b)(2) requiring the court reporter to provide the clerk of the lower tribunal and the parties with both paper and electronic copies of the transcripts mandates that the Clerk provide the petitioners with paper copies. The Clerk argues that rule 9.140(f)(2)(F) says nothing about transcript format and that the format provisions of rule 9.200(b)(2) are not directed to clerks; therefore, the Clerk may provide an electronic copy rather than a paper copy if the Clerk so chooses, consistent with the paperless trend and the authority summarized earlier.
 
 [6]
 

 Conclusion
 

 Although the plain language of rule 9.200(b)(2) is in the Clerk’s favor,
 
 [7]
 
 we nevertheless conclude that rules 2.535(f)(1) and 9.140(f)(2)(F), read together, require the Clerk to prepare paper copies of the transcripts for the parties.
 
 [8]
 
 Rule 2.535(f)(1) defines the default format of a transcript as the traditional bound paper format. Rule 9.140(f)(2)(F) directs the clerk to prepare copies of the “original transcripts.” As such, the Clerk must copy the paper transcripts, not copy (or, not copy
 
 only)
 
 the court reporter’s CD-
 
 *971
 
 ROM onto additional CD-ROMs for the parties. We farther conclude, based on the use in rule 9.140(f)(2)(C) and (F) of the unmodified term “copies,” that the copies of the paper transcripts must also be on paper.
 
 [9]
 
 Though not directed to clerks, the language of rule 9.200(b)(2) supports the view that the paper version of the transcripts is the default and that the electronic version is, for the time being at least, an extra: “In
 
 addition
 
 to
 
 the
 
 paper copies, the approved court reporter ... shall file ... and serve ... an electronic copy” (emphasis added).
 
 [10]
 

 We conclude also that the requirements for issuance of a writ of mandamus have been met. Pursuant to the rules just discussed, the Clerk has a legal duty to provide copies of transcripts in a specified format and the petitioners have a clear legal right to that performance.
 
 See, e.g., Fla. Parole Comm’n v. Criner,
 
 642 So.2d 51, 52 (Fla. 1st DCA 1994) (noting that “[t]he entitlement to mandamus relief is dependent upon the showing of clear legal right on the part of the petitioner, and an indisputable legal duty of the part of the respondent”). Additionally, the act is ministerial; the Clerk has no discretion to prepare or not prepare the copies.
 
 See Lee County v. State Farm Mut. Auto. Ins. Co.,
 
 634 So.2d 250, 251 (Fla. 2d DCA 1994) (“It is fundamental to the writ [of mandamus] that the legal duty of the public agency must be ministerial in nature and not discretionary”). Finally, we conclude that no other adequate remedy exists to ensure that the Clerk performs his duties.
 
 See Shevin ex rel. State v. Pub. Serv. Comm’n,
 
 333 So.2d 9, 12 (Fla.1976),
 
 abrogated on other grounds by In re Emergency Amendments to Rules of Appellate Procedure,
 
 381 So.2d 1370 (Fla.1980).
 

 The petition for writ of mandamus is granted with instructions to the Clerk to provide the petitioners with bound paper copies of the transcripts in those criminal appeals in which the Clerk has provided only CD-ROMs or other nonpaper media and, going forward, to provide parties with paper copies of transcripts in all criminal appeals in which copies are required, subject to amendments to the rules of procedure and supreme court orders that may issue in the future. Because the sequence in which the Clerk provides the paper copies of the transcripts in the outstanding appeals is not ministerial, we issue no further instructions but urge the Clerk to prepare and forward the copies in the order in which the originals were received from the court reporter.
 

 As we are confident that the Clerk will promptly comply with this ruling, we withhold formal issuance of the writ. This ruling is effective immediately and its effect will not be delayed by the filing of a motion for rehearing or other postdecision motion.
 

 Petition granted.
 

 NORTHCUTT and BLACK, JJ., Concur.
 

 [1]
 

 . Admin. Or. 2010-1.2, Fla. 12th Jud. Cir. Ct., ¶ VII.D. (Jan. 7, 2010) (available at http:// www.judl2.flcourts.org/LinkClick.aspx? fileticket=F9qmwaSI59w% 3d&tabid= 114& mid=546). This administrative order has been superseded by a subsequent order.
 
 See
 
 Admin. Or. 2010-9.2, Fla. 12th Jud. Cir. Ct. (May 3, 2010) (available at http://www.judl2. flcourts.org/LinkClick. aspx?fileticket=EMqg3 BuQrUc% 3d&labid= 114&mid=546). The newer order makes certain adjustments to Administrative Order 2010-1.2 that do not affect the analysis here. The AOSC documents referred to in the quoted text are Florida Supreme Court administrative orders.
 
 See
 
 Admin. Or. AOSC07-28, Fla. Sup.Ct. (May 31, 2007) (available at http://www.floridasupreme court.org/clerk/adminorders/2007/sc07-28. pdf); Admin. Or. AOSC07-41, Fla. Sup. Ct. (Aug. 17, 2.007) (available at http://www. floridasupremecourt.org/clerk/adminorders/ 2007/sc07-41 .pdf).
 

 [2]
 

 . The Clerk relies on additional authority that does not support his position. Contrary to the Clerk's assertions, section 28.22205, Florida Statutes (2009), does not provide for an absolute deadline by which the clerks of court must implement an electronic filing process. Likewise, section 668.50, Florida Statutes (2009), the Uniform Electronic Transaction Act, does not help the Clerk.
 
 See
 
 § 668.50(3)(b)(4) (noting that the statute "does not apply to a transaction to the extent the transaction is governed by ... [r]ules related to judicial procedure").
 

 The Clerk also asserts that his office is going paperless under the auspices of the Florida Supreme Court, pursuant to two administrative orders.
 
 See
 
 Admin. Or. AOSCOl-4, Fla. Sup. Ct. (Jan. 26, 2001) (available at http://www.floridasupremecourt. org/clerk/adminorders/2001/sc01-4.pdf), and Admin. Or. AOSC05-91 (amended), Fla. Sup. Ct. (Mar. 4, 2009) (available at http://www. floridasupremecourt.org/clerlt/adminorders/ 2005/sc05-91.pd£). These orders permit the Clerk of the Circuit Court for Manatee County to
 
 accept
 
 electronic filings pursuant to Florida Rule of Judicial Administration 2.525 (formerly rule 2.090). The orders do not specify that the Clerk may use electronic transmission for
 
 outgoing
 
 documentation, for which the court's separate permission is required and which is limited to outgoing
 
 orders. See
 
 Fla. R. Jud. Admin. 2.525(d). And in any event, rule 2.525 concerns “electronic transmission of documents,” which refers to
 

 the
 
 transmission by electronic signals,
 
 to or from a court or clerk of the court, of information which when received can be transformed and stored or reproduced on paper, microfilm, magnetic storage device, optical imaging system, or other electronic record keeping system authorized by the Supreme Court of Florida....
 

 Fla. R. Jud. Admin. 2.525(a) (emphasis added). This definition does not encompass the forwarding of documents saved on CD-ROM. As such, the Clerk's argument from rule 2.525 and the supreme court’s administrative orders is unavailing.
 

 [3]
 

 . The Clerk argues, with respect to transcripts at least, that rules 9.200 9.140 are separate, with rule 9.200(b) providing directives for civil appeals and rule 9.140(f)(2) for criminal appeals. This is a misreading of the rules. In addition to the directive of rule 9.140(f)(1) and the committee note just recited, support for the proposition that rule 9.200(b) governs transcripts in criminal appeals to the extent that rule 9.140(f)(2) has not superseded it is found in the fact that certain procedural steps are found only in rule 9.200(b), such as the 30-day deadline by which the court reporter is to prepare the transcripts, Fla. R.App. P. 9.200(b)(2), and the provision for extensions of time, Fla. R.App. P. 9.200(b)(3).
 

 [4]
 

 . We assume that the appellant has either paid for the record or is entitled to the record, not merely the record index, due to indigence.
 
 See
 
 Fla. R.App. P. 9.140(f)(2)(C), (4).
 

 [5]
 

 .It is not clear from the rule, its commentary, or the opinion promulgating the amendments that included this provision,
 
 Amendments to the Florida Rules of Appellate Procedure,
 
 696 So.2d 1103 (Fla. 1996), why the lower tribunal should be able to shift part of the labor and cost burden from the court reporter to the clerk. Although the cost issue per se is not before us, it would seem possible for the circuit court, the parties, the court reporters, and the Clerk to reach an agreement whereby that portion of the court reporter's fee devoted to making copies for the parties under the standard procedure, Fla. R.App. P. 9.140(f)(2)(C), could be remitted to the Clerk when the exceptional procedure, Fla. R.App. P. 9.140(f)(2)(F), is invoked.
 

 [6]
 

 .
 
 Supra
 
 n. 2.
 

 [7]
 

 . The format provisions in rule 9.200(b)(2) were added in 2006.
 
 See In re Amendments to The Fla. Rules of Appellate Procedure,
 
 941 So.2d 352, 361 (Fla.2006). As seen in the emphasized language in the indented quotation from this rule, above, the wording, whether inadvertent or deliberate, does not take into consideration that entities other than the court reporter or the parties are required to forward the transcript in certain situations, such as criminal appeals.
 

 [8]
 

 . The fact that the Clerk was unable to cite any relevant affirmative authority for its position outside the rules of procedure supports this conclusion.
 

 [9]
 

 . The paper copies must also be bound according to the rules of procedure and reflect the same pagination shown in the original record and transcript.
 
 See
 
 Fla. R. Jud. Admin. 2.535(f)(9); Fla. R.App. P. 9.200(b)(2), (d)(1)(A), (B).
 

 [10]
 

 . We note also that the chief judge's administrative order requires "the court reporter [to] furnish electronic copies of all transcripts in Microsoft Word on a CD-Rom to the clerk of the lower tribunal
 
 and the parties."
 
 Admin. Or. 2010-1.2, Fla. 12th Jud. Cir. Ct., ¶ VII.D. (emphasis added). To the extent that the court reporter is already providing the parties with a CD-ROM version of the transcripts, the clerk's doing so is redundant.