WALLACE, Judge.
Peter Brad Perkins, Jr., appeals the probate court’s order entered following an involuntary civil commitment hearing, which adopts the report and recommendations of a general magistrate. The probate court’s order also recognizes an order entered in a separate criminal proceeding as a valid and enforceable placement order under chapter 394, Florida Statutes (2008). The criminal court entered its order on June 25, 2009, after the parties stipulated to the dismissal of the criminal charge against Mr. Perkins under Florida Rule of Criminal Procedure 3.213(b)(1) due to his continued incompetence to proceed in the criminal matter.[1] The order states, in part, that “[tjhere is clear and convincing evidence that the Defendant continues to meet the criteria for involuntary placement pursuant to Florida Statute 394.467.” In addition, the order directs that Mr. Perkins’ commitment be reviewed every six months as required by rule 3.212(5). On June 29, 2009, when involuntary commitment proceedings were initiated against Mr. Perkins in the probate court, the probate court ruled that the criminal court’s June 25 order operated to collaterally es-top it from readjudicating the issue of whether Mr. Perkins met the criteria for civil commitment under section 394.467(1).
Based on the reasoning in Linn v. State, 79 So.3d 783 (Fla. 2d DCA 2011), we conclude that — under the circumstances of this case — the probate court erred in- ruling that the doctrine of collateral estoppel *338 precluded it from determining whether Mr. Perkins .met the criteria for civil commitment under section 394.467(1). As in Linn, no one presented any evidence at the hearing in the criminal proceeding to establish that Mr. Perkins met the civil commitment criteria. Thus the record does not establish that the facts supporting Mr. Perkins’ commitment in the criminal proceedings are the same and based upon the same evidence presented in the probate proceedings. See Mass v. State, 927 So.2d 157, 160 (Fla. 3d DCA 2006) (“For purposes of collateral estoppel, the facts are the same when they are shown by the same testimony or evidence.”). Moreover, the record fails to demonstrate that Mr. Perkins affirmatively waived his right to be present at a hearing to determine whether he met the criteria for civil commitment. See Register v. State, 946 So.2d 50, 50 (Fla. 1st DCA 2006) (“A patient has a fundamental right to be present at a commitment proceeding,” and “a court must certify through proper inquiry that the waiver [of that right] is knowing, intelligent, and voluntary.”). And, as we noted in Linn, the defense attorney’s primary goal in the context of the criminal proceeding was to obtain a dismissal of the criminal charges based upon Mr. Perkins’ continued incompetence to proceed to trial. There is no support in the record for the proposition that Mr. Perkins should be bound by any determination of his mental status resulting from a hearing at which everyone stipulated to the dismissal of the criminal proceeding. See Cook v. State, 921 So.2d 631, 636 (Fla. 2d DCA 2005) (observing that Florida recognizes a manifest injustice exception to the collateral estoppel rule that “comes into play when application of the doctrine ‘would defeat the ends of justice’ ” (quoting State v. McBride, 848 So.2d 287, 291 (Fla.2003))).
This panel also considered whether an earlier hearing in the criminal court, during which it initially determined that Mr. Perkins was incompetent and committed him for treatment under rule 3.212(c)(3), may have satisfied the requirements of a Baker Act hearing under section 394.467(6). We noted that if the criminal court entered an earlier order in the criminal proceedings finding that Mr. Perkins met the criteria for civil commitment following a full hearing, that order might be binding in the probate proceedings even if the June 25 order was not binding. Therefore, we asked the parties to supplement the record with additional documents from the criminal proceedings that may support this theory. However, the additional records that we received are insufficient to permit us to affirm the probate court’s order based upon this alternative theory. See Butler v. Yusem, 44 So.3d 102, 105 (Fla.2010) (noting that an appellate court may affirm a trial court’s decision that reaches the right result for the wrong reasons, but “only if ‘there is any theory or principle of law in the record which would support the ruling’ ” (quoting Robertson v. State, 829 So.2d 901, 906 (Fla.2002))).
For these reasons, the probate court erred in ruling that the criminal court’s June 25, 2009, order collaterally estopped it from readjudicating the issue of whether Mr. Perkins met the criteria for civil commitment under section 394.467(1). Accordingly, we reverse the order under review and remand for further proceedings consistent with this opinion.
Reversed and remanded.
ALTENBERND and DAVIS, JJ., Concur.

. Mr. Perkins was charged with second-degree murder in 2004, and on June 4, 2004, the criminal court adjudicated him incompetent to proceed to trial on that charge. The stipulated dismissal is without prejudice. And, we note that the State may prosecute Mr. Perkins "for a capital felony, a life felony, or a felony that resulted in a death ... at any time." § 775.15(1), Fla. Stat. (2003). In addition, section 916.14, Florida Statutes (2003), provides that "[t]he statute of limitations shall not be applicable to criminal charges dismissed because of the incompetency of the defendant to proceed.”