PER CURIAM.
Pearly Belgrave-Simmonds petitions this Court for a writ of mandamus following the court’s denial of her motion to *965 disqualify the trial judge. Because the motion was ruled upon approximately three months after it was filed, we grant the petition. See Fla. R. Jud. Admin. 2.330(j) (“The judge shall rule on a motion to disqualify immediately, but no later than thirty days after the service of the motion ... ”)•
The petitioner filed a motion to disqualify the trial judge on November 20, 2012; the motion was not ruled upon until February 23, 2013. The ruling was more than thirty days from the time that the petitioner filed the disqualification motion. Thus, the motion should have been deemed granted. The petitioner may seek an order from the court directing the clerk to reassign the case. See Schisler v. State, 958 So.2d 503, 504 (Fla. 3d DCA 2007) (granting mandamus petition where trial judge failed to rule on motion to disqualify within 30 days of service of the motion as required under Florida Rule of Judicial Administration 2.330 and remanding for the circuit court to enter an order directing the clerk to reassign the case to a different judge); see also Tableau Fine Art Group, Inc. v. Jacoboni, 853 So.2d 299 (Fla.2003) (“A motion for judicial disqualification filed pursuant to Florida Rule of Judicial Administration 2.160 [current Rule 2.330] must be ruled on within thirty days following its presentation to the court.”)
We grant the mandamus petition, quash the order on review, and direct the trial court to enter an order directing the clerk to reassign this case to a different judge.
WARNER, CIKLIN and CONNER, JJ., concur.