PER CURIAM.
Charles Lawn appeals the circuit court order granting in part and denying in part his motion to compel the clerk of the court to respond to his request for trial court documents in his criminal case, CRC02-18403CF. We reverse and remand for further proceedings.
Mr. Lawn made a written request to the clerk of the court for specific trial court documents for the purpose of a clemency hearing and included a statement that he was willing to pay for the records. This request complied with Florida Rule of Judicial Administration 2.420(i) (2012). The clerk of the court, as custodian of the trial record, has a duty to respond to a request for trial court documents, see Fla. *879 R. Jud. Admin. 2.420(i)(2), but failed to do so. Months later, Mr. Lawn filed a motion to hear and rule on the request and a motion to compel the clerk to respond to his request for documents. Mr. Lawn’s motion to compel met the pleading requirements for a petition for writ of mandamus, see Fla. R. Civ. P. 1.630(b), “which is the appropriate vehicle for challenging the denial of access to judicial records.” Hogan v. State, 983 So.2d 656, 657-58 (Fla. 2d DCA 2008).
The circuit court granted Mr. Lawn’s request for production of the charging document and judgment and sentence in his criminal case. But apparently overlooking Mr. Lawn’s statement that he was willing to pay the reasonable costs and fees for his request, the circuit court denied his request for copies of the following: (1)discovery documents in his case; (2) trial transcript volumes 10,11, and 12; and (3) sentencing transcripts. The circuit court’s sole basis for denying the request was that Mr. Lawn was not entitled to free copies of those documents. See Johnson v. State, 836 So.2d 1103,1103 (Fla. 2d DCA 2003) (affirming denial of petitioner’s request for free copies of documents related to his trial and direct appeal).
Accordingly, we reverse and remand for the trial court to reconsider Mr. Lawn’s motion to compel the clerk of the court to respond to his request for production of documents as a petition for writ of mandamus.
Reversed and remanded for further proceedings.
CASANUEVA, VILLANTI, and CRENSHAW, JJ., Concur.