BLACK, Judge.
In these fifteen petitions for extraordinary writs, one “John Doe” and fourteen patients ask this court to direct the judicial officers assigned to preside over Baker Act hearings in Lee County to appear for those hearings at the receiving facilities where the patients are held rather than via videoconference from the courthouse.[1] We deny the petitions but certify a question of great public importance to the Florida Supreme Court.
The Baker Act, §§ 394.451-.47891, Fla. Stat. (2015), also known as the Florida Mental Health Act, establishes a process *156 by which individuals believed to have “mental, emotional, and behavioral disorders” may be civilly committed for mental health care, services, and treatment. § 394.453(l)(a), (b). As part of the process, individuals meeting certain criteria may be taken to a receiving facility for involuntary examination. § 394.463. If the facility administrator timely files a petition for involuntary inpatient placement, counsel must be appointed for the patient and the court must hold an evidentiary hearing on the petition. §§ 394.436(g)(4), .467(3), (4), (6). The hearing, often referred to as a Baker Act hearing, must be held within five working days following the filing of the petition. § 394.467(6)(a)(1); see In re Involuntary Placement of Linn, 79 So.3d 783, 785 (Fla. 2d DCA 2011).
At the time the petitions at issue were filed with this court, the petitioners were awaiting their Baker Act hearings. The petitioners and the State, as respondent in these cases, have provided this court with the recent history giving rise to these petitions. The judge and magistrate currently assigned to preside over Baker Act hearings in Lee County had recently announced, via e-mail, that they would no longer be commuting to the receiving facilities to hold the statutorily required hearing in person. Instead, the judicial officers would preside remotely from the courthouse via videoconference equipment while the patients, witnesses, and attorneys would continue to be physically present at the receiving facility. It is this new procedure that the petitioners challenge, asking this court to require the judicial officers to be physically present for the hearings “as required by law.”
Initially, we note that while the petitions were filed in the alternative, seeking writs of certiorari or prohibition or any “proper remedy” pursuant to Florida Rule of Appellate Procedure 9.040(c), the proper remedy—if any—-would be a writ of mandamus.[2] For mandamus to lie, the petitioners must demonstrate a clear legal right to have the judge physically present with the petitioners during the hearing and an indisputable legal duty on the part of the judge to be physically present. See Austin v. Crosby, 866 So.2d 742, 744 (Fla. 6th DCA 2004). “Mandamus may not be used to establish the existence of such a right, but only to enforce a right already clearly and certainly established in the law.” Fla. League of Cities v. Smith, 607 So.2d 397, 401 (Fla.1992). And the duty must be one “imposed expressly by law, not by contract or arising necessarily as an incident to the office.” City of Tarpon Springs v. Planes, 30 So.3d 693, 695 (Fla. 2d DCA 2010) (quoting Escambia County v. Bell, 717 So.2d 85, 88 (Fla. 1st DCA 1998)). A writ of mandamus “is available to compel specific action by a trial judge ■where the act sought to be compelled is ministerial in its nature, and where the court, if it acts at all, can only act in one certain way.’ ” Johnson v. Levine, 736 So.2d 1235, 1238 (Fla. 4th DCA 1999) (quoting State ex rel. N. St. Lucie River Drainage Dist. v. Kanner, 152 Fla. 400, 11 So.2d 889, 890 (1943)). Moreover, “mandamus cannot be used to control or direct the manner in which another court shall act in the lawful exercise of its jurisdiction.” Mathews v. Crews, 132 So.3d 776, 778 (Fla. 2014).
*157 The petitioners here have not cited, and we have not found, an express legal right to have the judicial officer be physically present with the petitioners when holding the Baker Act hearing. Nor have the petitioners cited any express legal duty on the part of the judge. There is simply no duty “clearly and certainly established in the law” requiring the judicial officer to be in the physical presence of the patient, attorneys, and witnesses while presiding over the hearing. See Fla. League of Cities, 607 So.2d at 401. “ ‘[C]learly established law can derive from a variety of legal sources, including recent controlling case law, rules of court, statutes, and constitutional law.” Nader v. Fla. Dep’t of Highway Safety & Motor Vehicles, 87 So.3d 712, 723 (Fla.2012) (quoting Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 890 (Fla.2003)). Though this holding arose from a certiorari proceeding, we have found no reason to discount its application in the mandamus context. See, e.g., Pincket v. Detzner, No. SC16-768, 2016 WL 3127704, at *1 (Fla. June 3, 2016) (Pariente, J., concurring in result).
Section 394.467 of the Baker Act governs involuntary inpatient placement and Baker Act hearings. It sets forth the clear and convincing standard by which the judge is to consider the evidence as well as the requirements for the hearing. § 394.467(1). Specifically, section 394.467(6) mandates that the court hold the involuntary inpatient placement hearing within five days of the filing of the petition, that the hearing “be held in the county where the patient is located and shall be as convenient to the patient as may be consistent with orderly procedure,” and that the hearing “be conducted in physical settings not likely to be injurious to the patient’s condition.” § 394.467(6)(a)(l). It requires that “testimony and evidence regarding the patient’s competence to consent to treatment” be considered, and it mandates that all testimony be given under oath and that the proceedings be recorded. § 394.467(6)(a)(2), (d).
Nothing in section 394.467 requires the judicial officer to be physically present in the “setting[ ] not likely to be injurious to the patient’s condition.” Further, nothing in the statute requires the judicial officer to consider testimony while physically present in the room with the witnesses. The statute requires only that the testimony be under oath and the proceedings recorded. At best, the judicial officer’s physical presence at the hearing is part of the manner in which the court holds the hearing, or would ensue from our establishment of the duty to do so. We cannot grant a writ of mandamus on any of those bases. See Mathews, 132 So.3d at 778; Fla. League of Cities, 607 So.2d at 401; City of Tarpon Springs, 30 So.3d at 695.
The petitioners’ argument appears to be, in part, that in the absence of an express videoconferencing option for Baker Act hearings judicial officers have a ministerial duty to be physically present for them. In making this argument, the petitioners direct our attention to section 394.467 and other authority. The petitioners point to section 394.467(2) of the Baker Act, which permits examination of a patient by mental health professionals through “electronic means.” They also call attention to Florida Rule of Judicial Administration 2.530(b), which permits judges to “direct that communication equipment be used for a motion hearing, pretrial conference, or a status conference.” Both of these provisions address remote appearances in various contexts and in varying degrees of specificity, but neither of them creates a ministerial duty compelling the judge to be physically present for a Baker Act hear- *158 mg.[3] No constitutional law, statutes, case law, or rules of court expressly dictate that a judge must preside over the hearings in these cases by being physically present. See Nader, 87 So.3d at 723 (identifying the sources from which clearly established law may be derived).[4]
While this court could use its mandamus authority to compel the judge to preside over the required hearing pursuant to section 394.467, it cannot direct how the judge should do so in the absence of express direction by law. That is, “it is clear that while the [ljegislature intended a [judge] to preside over” the involuntary inpatient placement hearing, “it left the manner in which the hearing would proceed” to the judge’s discretion. See Dep’t of Highway Safety & Motor Vehicles v. Fernandez, 114 So.3d 266, 270 (Fla. 3d DCA 2013) (granting petition for writ of certiorari where appellate division improperly construed statutory mandate that hearing “shall be held before a hearing officer” to mean “in the physical presence of a hearing officer”); cf. City of Miami Beach v. Mr. Samuel’s, Inc., 351 So.2d 719, 722 (Fla. 1977) (holding that mandamus did not lie because pawnbrokerage was not expressly identified in the zoning classifications applicable to property, giving city council discretion not to issue pawnbrokerage license); State ex rel. Nuveen v. Greer, 88 Fla. 249, 102 So. 739, 742 (1924) (holding that a writ of mandamus would not be granted where there was no duty because “[ijssuance of the bonds was not expressly *159 forbidden”). That physical presence has previously been traditionally and historically required, technologically required, assumed, or incident to these hearings is of no moment. Cf. Amendment to Fla. Rule of Juvenile Procedure 8.100(a), 796 So.2d 470, 472 (Fla.2001) (recognizing that adult first appearances and arraignment proceedings are now routinely held electronically).
In sum, while we question the wisdom of holding these hearings remotely, we conclude that the decision to preside over a Baker Act hearing remotely via videocon-ference equipment is within the discretion of the court. There is no ministerial, indisputable legal duty clearly established in the law which requires judicial officers presiding over involuntary inpatient placement hearings pursuant to section 394.467 to be physically present with the patients, witnesses, and attorneys. Accordingly, we deny the petitions. However, we certify the following question of great public importance to the Florida Supreme Court:
DOES A JUDICIAL OFFICER HAVE AN EXISTING INDISPUTABLE LEGAL DUTY TO PRESIDE OVER SECTION 394.467 HEARINGS IN PERSON?
WALLACE, J., Concurs with opinion.
LUCAS, J., Dissents with opinion.

. We have consolidated these fifteen cases solely for the purposes of this opinion. The original John Doe petition was filed to challenge the acting circuit judge’s remote appearance on behalf of "John Doe” as a present and/or future patient who would appear before the acting circuit judge remotely subsequent to the filing of the petition. Once patients, as defined by section 394.455(31), Florida Statutes (2015), had involuntary inpatient placement hearings scheduled, individual petitions were filed on behalf of those fourteen patients. Unless otherwise indicated, the term “petitioners” as used throughout this opinion refers to the fourteen identified patients.

. Where no written orders have been rendered—as in the cases here—we lack jurisdiction to consider petitions for writ of certiora-ri. Fla. R. App. P. 9.100(b), (c)(1). Nor can we consider the petitions as seeking writs of prohibition because the judicial officers below have jurisdiction over the Baker Act hearings and are not "acting or threatening to act outside or in excess of [their] jurisdiction.” See Hennig v. Prummell, 198 So.3d 17, 19 (Fla. 2d DCA 2015) (citing English v. McCrary, 348 So.2d 293, 296 (Fla.1977)).

. Although proposed by rules committees, Florida’s rules of court are adopted and promulgated by the Florida Supreme Court and are binding upon parties, public officers, and judicial officers alike. Where a rule establishes a nondiscretionary duty and the requirements for issuance of a writ of mandamus are otherwise met, the petition should be granted. See, e.g., Gabriele v. State, 99 So.3d 943 (Fla.2012) (table decision) (holding that petitioner was entitled to mandamus relief where district court of appeal failed to comply with “indisputable legal duty” under rule 2.540); State ex. rel. Price v. McCord, 380 So.2d 1037, 1039 (Fla.1980) (granting writ of mandamus and concluding that rule 9.340 created a ministerial duty under specific circumstances); Gawker Media, LLC v. Bollea, 170 So.3d 125, 129-30 (Fla. 2d DCA 2015) (detailing a trial court’s ministerial duty to comply with the terms of Florida Rule of Civil Procedure 1.440); Lawn v. State, 128 So.3d 878, 878-79 (Fla. 2d DCA 2013) (stating that rule 2.420 establishes a duty of the clerk of court); Gonzalez v. Rambosk, 86 So.3d 1125, 1125 (Fla. 2d DCA 2012) (table decision) (granting writ of mandamus based on duty imposed by Florida Rule of Criminal Procedure 3.131); Office of the Att’y Gen. v. Shore, 41 So.3d 966, 969-70 (Fla. 2d DCA 2010) (granting writ of mandamus, concluding that clerk of court had legal, ministerial duty pursuant to rules 2.535, 9.140, and 9.200); Belgrave-Simmonds v. Belgrave, 122 So.3d 964, 965 (Fla. 4th DCA 2013) (granting writ of mandamus based on ministerial duty created by rule 2.330); Lynch v. State, 736 So.2d 1221, 1222 (Fla. 5th DCA 1999) (granting writ of mandamus and concluding that rules 3.180 and 3.220 created ministerial duties).

. Although the dissent takes issue with the majority’s approach, we have applied the mandamus standard requiring that a duty must be expressly imposed by the law, and we have looked to the sources of clearly established law identified by the Florida Supreme Court. We make no assumptions; we simply have found no source of law which clearly and certainly establishes that a judge must be physically present for these hearings. The dissent articulates no basis to depart from this standard nor points to any source of law expressly requiring a judge’s physical presence; access to the courts is not at issue. There is no question that the judges intend to preside over these hearings; the only question is the manner in which they will do so. And this court cannot direct that manner. Moreover, we cannot agree that denying the petitions based upon the mandamus standard long established by the courts of this state expands the application of the writ. Rather, it appears that the dissent would expand the writ’s application by suggesting that these petitions be granted based upon an unexpressed duty.