KELLY, Judge.
Jay Alan Myers appeals from the trial court’s order denying his petition for a writ of mandamus. Myers argued in his petition that the Manatee County Sheriff could not deduct subsistence and other costs from his inmate account because the account was funded with veteran’s disability benefits protected from seizure under 38 U.S.C. § 5301.[1] He requested that the trial court order the sheriff to refund the money deducted from his account. The trial court issued an order to show cause requiring the sheriff to respond to Myers’ petition. The sheriff responded, in pertinent part, as follows:
Myers’ veteran benefit checks are not deposited directly into his jail trust account. Rather, it appears that Myers’ mother, who holds Durable Power of Attorney for Myers, places small denominations of cash, usually $25.00 or so, into Myers’ trust account by bringing cash to the jail. Thus, the Sheriff lacks the ability to determine the source of the funds deposited into Myers’ account. It follows then, that in levying upon Myers’ trust account, the Sheriff does not violate § 5301 as the funds deposited therein are not protected by § 5301.
The trial court denied Myers’ petition, citing Purvis v. Crosby, 2006 WL 1836034 (N.D.Fla.2006) (holding that funds are exempt pursuant to 38 U.S.C. § 5301 only if the check from the Veteran’s Administration is deposited directly into an inmate account; once otherwise protected funds are deposited elsewhere, or otherwise cashed, the funds become unidentifiable and lose-their protected status). “A writ of mandamus is used to enforce an established legal right by compelling a public officer or agency to perform a duty required by law.” Lee Cnty. v. State Farm Mut. Auto. Ins. Co., 634 So.2d 250, 251 (Fla. 2d DCA 1994). The petitioner has the burden to show that there is clear legal right on the part of the petitioner and an indisputable legal duty on part of the re *499 spondent. Id. Because Myers has failed to show that there is an indisputable legal duty on the part of the sheriff to protect untraceable funds in Myers’ account, we affirm the order denying the petition for a writ of mandamus.
Affirmed.
WHATLEY and CRENSHAW, JJ., Concur.

. 38 U.S.C. § 5301 provides in relevant part:
(a)(1) Payments of benefits due or to become due under any law administered by the Secretary shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.