PER CURIAM.
The issue on appeal is whether funds transferred from Ted E. Dunlap’s personal banking account to his inmate trust fund by a third party with power of attorney are exempt from the lien provision in section 945.6037, Florida Statutes, because those funds were allegedly disability benefits payments from The Department of Veteran Affairs, which are exempt under Rule 38-203.201, Florida Administrative Code. The Second District addressed a very similar issue in Myers v. Steube, 61 So.3d 498 (Fla. 2d DCA 2011) and we find its reasoning persuasive. By adopting Myers, we hold that the funds transferred by the third party into Mr. Dunlap’s inmate trust fund were not identifiable as VA benefit payments because the VA benefits checks were not mailed directly to the Bureau of Finance and Accounting, as required by Rule 33-203.201 in order to obtain exempt status. A corollary to this holding is that Secretary Michael D. Crews has no legal duty to protect unidentifiable funds in Mr. Dunlap’s inmate trust fund.
AFFIRMED.
LEWIS, C.J., WOLF, and MAKAR, JJ„ concur.